# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GORDON CLARK (*in his individual capacity*); and GORDON CLARK (*in his capacities as husband, sole fiduciary, sole beneficiary, and sole creditor of the Estate of Lillian J. Clark*),<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CONNECTICUT; THE OFFICE OF GOVERNOR NED LAMONT; NED LAMONT; THE OFFICE OF THE ATTORNEY GENERAL; WILLIAM TONG; STATE OF CONNECTICUT JUDICIAL BRANCH; MATTHEW JOSEPH BUDZIK; CLAUDIA A. BAIO; ELIOT D. PRESCOTT; BETHANY J. ALVORD; NINA F. ELGO; HOPE C. SEELEY; STATE OF CONNECTICUT JUDICIAL BRANCH STATEWIDE GRIEVANCE COMMITTEE; CHRISTOPHER L. SLACK; JOHN J. QUINN, JR.; EUGENE J. RICCIO; BARRY, BARALL, TAYLOR & LEVESQUE, LLC; BRENDON P. LEVESQUE; CONNECTICUT DEPARTMENT OF CONSUMER PROTECTION; MICHELLE H. SEAGULL; SANTANDER BANK, N.A.; SCOTT POWELL; TIMOTHY WENNES; PIERRE HABIS; KENNETH O'NEILL; JOHN OR JANE DOE; BROCK AND SCOTT, PLLC; THOMAS E. BROCK; GREGORY A. SCOTT; LAWSON WILLIAMS, III; SARA M. BUCHANAN; ADAM L. BENDETT; RANDALL S. MCHUGH; JEFFREY M. KNICKERBOCKER; DOMINICK D. NEVEUX; JOSEPH ABRAHAM; MARK A. PIECH; K&L GATES, LLP; CHRISTOPHER L. NASSON; SEAN R. HIGGINS; and RIDGELY WHITMORE BROWN,<br><br>Defendants. | Civil Case No.<br><br>November 20, 2023<br><br>**JURY TRIAL DEMANDED** |

NOV 20 2023 PM1:59
FILED-USDC-CT-HARTFORD

# <u>COMPLAINT</u>

1

## PARTIES

1.) Plaintiff Gordon Clark, *in his individual capacity*, is a citizen of Connecticut who resides at: 70 Elm Street, Enfield, CT 06082.

2.) Plaintiff Gordon Clark, *in his capacities as husband, sole fiduciary, sole beneficiary, and sole creditor of the Estate of Lillian J. Clark*, is a citizen of Connecticut who resides at: 70 Elm Street, Enfield, CT 06082. Gordon Clark is Lillian J. Clark's husband of 27 years and was appointed the executor of the *Estate of Lillian J. Clark* on August 6, 2021, by the *Court of Probate, North Central Connecticut, PD11*.

3.) Defendant *State of Connecticut*, is a *state government* in the *United States of America*, whose authority and power are seated in the *Connecticut State Capitol* located at 210 Capitol Avenue, Hartford, CT 06106.

4.) Defendant *The Office of Governor Ned Lamont*, is a part of the executive branch of the *State of Connecticut*, whose authority and power are seated in the *Connecticut State Capitol* located at 210 Capitol Avenue, Hartford, CT 06106.

5.) Defendant Ned Lamont, *in his elected state government executive capacity,* is the *Governor of Connecticut* who is believed to be a citizen of Connecticut whose address is: 210 Capitol Avenue, Hartford, CT 06106.

6.) Defendant *The Office of the Attorney General*, is a part of the executive branch of the *State of Connecticut*, whose authority and power are seated at 165 Capitol Avenue, Hartford, CT 06106.

7.) Defendant William Tong, *in his elected state government capacity,* is the *Attorney General of Connecticut* who is believed to be a citizen of Connecticut whose address is: Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106.

8.) Defendant *State of Connecticut Judicial Branch* is a *state government branch* in the *State of Connecticut*, whose authority and power are seated at 300 Corporate Plaza, Rocky Hill, CT 06067.

9.) Defendant Matthew Joseph Budzik, *in his state government judicial capacity*, is a Superior Court judge for the *State of Connecticut Judicial Branch*, who is believed to be

2

a citizen of Connecticut whose address is: Tax Court, 20 Franklin Square, New Britain, CT 06051.

10.)　　Defendant Claudia A. Baio, *in her state government judicial capacity*, is a Superior Court judge for the *State of Connecticut Judicial Branch*, who is believed to be a citizen of Connecticut whose address is: Superior Court G.A. 23, 121 Elm Street, New Haven, CT 06510.

11.)　　Defendant Eliot D. Prescott, *in his state government judicial capacity*, is an Appellate Court judge for the *State of Connecticut Judicial Branch*, who is believed to be a citizen of Connecticut whose address is: Appellate Court of Connecticut, 231 Capitol Avenue, Hartford, CT 06106.

12.)　　Defendant Bethany J. Alvord, *in her state government judicial capacity*, is an Appellate Court judge for the *State of Connecticut Judicial Branch*, who is believed to be a citizen of Connecticut whose address is: Appellate Court of Connecticut, 231 Capitol Avenue, Hartford, CT 06106.

13.)　　Defendant Nina F. Elgo, *in her state government judicial capacity*, is an Appellate Court judge for the *State of Connecticut Judicial Branch*, who is believed to be a citizen of Connecticut whose address is: Appellate Court of Connecticut, 231 Capitol Avenue, Hartford, CT 06106.

14.)　　Defendant Hope C. Seeley, *in her state government judicial capacity*, is an Appellate Court judge for the *State of Connecticut Judicial Branch*, who is believed to be a citizen of Connecticut whose address is: Appellate Court of Connecticut, 231 Capitol Avenue, Hartford, CT 06106.

15.)　　Defendant *State of Connecticut Judicial Branch Statewide Grievance Committee* is part of a *state government branch* in the *State of Connecticut*, whose authority and power are seated at 999 Asylum Avenue, Fifth Floor, Hartford, CT 06105.

16.)　　Defendant Christopher L. Slack, *in his state judicial capacity, as Statewide Bar Counsel*, of the *State of Connecticut Judicial Branch Statewide Grievance Committee* is part of a *state government branch* in the *State of Connecticut*, whose authority and power are seated at 999 Asylum Avenue, Fifth Floor, Hartford, CT 06105.

3

17.)    Defendant John J. Quinn, Jr., *in his state judicial capacity,* as *Grievance Counsel,* of the *State of Connecticut Judicial Branch Statewide Grievance Committee* is part of a *state government branch* in the *State of Connecticut,* whose authority and power are seated at 248 Hudson Street, Hartford, CT 06106.

18.)    Defendant Eugene J. Riccio, *in his state judicial capacity,* as *Grievance Counsel,* of the *State of Connecticut Judicial Branch Statewide Grievance Committee* is part of a *state government branch* in the *State of Connecticut,* whose authority and power are seated at 2000 Post Road, Suite 203, Fairfield, CT 06824.

19.)    Defendant *Barry, Barall, Taylor & Levesque, LLC,* is a corporate entity headquartered in Connecticut whose address is: 989 Main Street, Manchester, CT 06040.

20.)    Defendant Brendon P. Levesque, is a partner of *Barry, Barall, Taylor & Levesque, LLC* who is believed to be a citizen of Connecticut whose address is: 989 Main Street, Manchester, CT 06040.

21.)    Defendant *Connecticut Department of Consumer Protection* is a *government state agency* of the *State of Connecticut* whose authority and power are seated at 450 Columbus Boulevard, Suite 901, Hartford, CT 06103.

22.)    Defendant Michelle H. Seagull, *in her government state agency capacity,* is employed by the *State of Connecticut* as the *Commissioner of the Connecticut Department of Consumer Protection* who is believed to be a citizen of Connecticut whose address is: Department of Consumer Protection, 450 Columbus Boulevard, Suite 901, Hartford, CT 06103.

23.)    Defendant *Santander Bank, N.A.* is a corporate entity headquartered in Massachusetts whose address is: 75 State Street, Boston, MA 02109.

24.)    Defendant Scott Powell, *in his corporate capacity,* was the *former* CEO of *Santander Bank, N.A.*, and who is the *present* COO of *Wells Fargo & Company* who is believed to be a citizen of California whose address is: 420 Montgomery Street, San Francisco, CA 94104.

25.)    Defendant Timothy Wennes, *in his corporate capacity,* is the CEO of *Santander*

4

*Bank, N.A.* who is believed to be a citizen of Massachusetts whose address is: 75 State Street, Boston, MA 02109.

26.)     Defendant Pierre Habis, *in his corporate capacity,* is the SEVP, *Head of Consumer & Business Banking* of *Santander Bank, N.A.* who is believed to be a citizen of Massachusetts whose address is: 75 State Street, Boston, MA 02109.

27.)     Defendant Kenneth O'Neill, *in his corporate capacity,* is the SVP, *Head of the Customer Service Center Operations* of *Santander Bank, N.A.* who is believed to be a citizen of Massachusetts whose address is: 75 State Street, Boston, MA 02109.

28.)     Defendant John or Jane Doe, *in his/her corporate capacity,* is an unknown employee of *Santander Bank, N.A.* who is believed to be a citizen of Massachusetts whose address is: 75 State Street, Boston, MA 02109.  John or Jane Doe is the *Santander Bank, N.A.* employee according to its legal representative, Attorney Jeffrey M. Knickerbocker, who placed a value on Lillian J. Clark's life of approximately *31 cents an hour*, who the Plaintiffs intend to identify through discovery.

29.)     Defendant *Brock and Scott, PLLC* is a corporate entity headquartered in North Carolina whose address is: 3825 Forrestgate Drive, Winston-Salem, NC 27103.

30.)     Defendant Thomas E. Brock is a founder of *Brock and Scott, PLLC* who is believed to be a citizen of North Carolina whose address is: 3825 Forrestgate Drive, Winston-Salem, NC 27103.

31.)     Defendant Gregory A. Scott is a partner of *Brock and Scott, PLLC* who is believed to be a citizen of North Carolina whose address is: 3825 Forrestgate Drive, Winston-Salem, NC 27103.

32.)     Defendant Lawson Williams, III is a partner of *Brock and Scott, PLLC* who is believed to be a citizen of Massachusetts whose address is: 3825 Forrestgate Drive, Winston-Salem, NC 27103.

33.)     Defendant Sara M. Buchanan is a partner of *Brock and Scott, PLLC* who is believed to be a citizen of Connecticut whose address is: 3825 Forrestgate Drive, Winston-Salem, NC 27103.

34.)    Defendant Adam L. Bendett is a partner of *Brock and Scott, PLLC* who is believed to be a citizen of Connecticut whose address is: 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

35.)    Defendant Randall S. McHugh is a partner of *Brock and Scott, PLLC* who is believed to be a citizen of Connecticut whose address is: 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

36.)    Defendant Jeffrey M. Knickerbocker is an attorney of *Brock and Scott, PLLC* who is believed to be a citizen of Connecticut whose address is: 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

37.)    Defendant Dominick D. Neveux is an attorney of *Brock and Scott, PLLC* who is believed to be a citizen of Connecticut whose address is: 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

38.)    Defendant Joseph Abraham is an attorney of *Brock and Scott, PLLC* who is believed to be a citizen of Connecticut whose address is: 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

39.)    Defendant Mark A. Piech is an attorney of *Brock and Scott, PLLC* who is believed to be a citizen of Connecticut whose address is: 270 Farmington Avenue, Suite 151, Farmington, CT 06032.

40.)    Defendant *K&L Gates, LLP* is a corporate entity headquartered in Massachusetts whose address is: 1 Congress Street, Suite 2900, Boston, MA 02114.

41.)    Defendant Christopher L. Nasson is the managing partner of *K&L Gates, LLP* who is believed to be a citizen of Massachusetts whose address is: 1 Congress Street, Suite 2900, Boston, MA 02114.

42.)    Defendant Sean R. Higgins is a partner of *K&L Gates, LLP* who is believed to be a citizen of Massachusetts whose address is: 1 Congress Street, Suite 2900, Boston, MA 02114.

43.)    Defendant Ridgely Whitmore Brown is the founder of the *Law Office of Ridgely*

6

*Whitmore Brown* who is believed to be a citizen of Connecticut whose address is: 15 Fifth Street, Stamford, CT 06905.

## JURISDICTION

The *jurisdiction* of this *United States District Court* is invoked pursuant to: **28 U.S. Code § 1331** (*Federal Question*); **28 U.S. Code § 1332** (*Diversity of Citizenship and Amount in Controversy*); **28 U.S. Code § 1343** (*Civil Rights and Elective Franchise*); **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*); **42 U.S.C. § 1985** (*Conspiracy to Interfere with Civil Rights*); and **42 U.S.C. § 1986** (*Action for Neglect to Prevent - Failure to Intervene*).

## VENUE

Venue is also proper in this District pursuant to **28 U.S.C. § 1391(b)**, because Defendants in this action are individuals and public agencies situated in Hartford County and because, on information and belief, all of the acts or omissions giving rise to this Complaint occurred in the *District of Connecticut.*

## STANDING

Plaintiffs have standing to bring the claims asserted in this Complaint because Defendants' actions have infringed his rights under the *United States Constitution* and the *Constitution of the State of Connecticut*, federal and state law, and his injuries can be redressed by injunctive and other relief ordered by this Court.

Plaintiffs have suffered *injury-in-fact* because he has been denied his federal and state constitutionally protected rights, including, but not limited to *due process of law, a jury trial, and equal protection under the law*. Plaintiffs also have suffered and continues to suffer as a result of said denial of federal and state constitutionally protected rights, including, but not limited to the *time and peace* to *fully grieve* the ***heart-wrenching and painful loss*** of his *beautiful, beloved, and precious* wife, Lilli (Lillian J. Clark – Mrs. Clark); the inability to pursue gainful employment and/or business opportunities; the denial of property rights to protect, maintain, and improve his property; and other deprivations as described herein.

Judicial determination of this controversy will resolve the rights, status, and legal relationships of the parties, and further is of overriding public concern.

7

## NATURE OF THE CASE

The above named forty-one (41) Defendants in their *individual and collective acts*, described below, have **knowingly, intentional, purposefully, and reprehensibly** violated the Plaintiffs' federal and state constitutional rights, privileges, and/or immunities, and the Plaintiffs' civil rights under federal statutes, and under state law, by depriving Plaintiffs of their federal and state constitutional, statutory, and state-law rights.

More specifically, based on the material facts, law, and evidence in this matter the Defendants *unequivocally and undeniably* abused their authority and power, **under the color and threat of law**, against the Plaintiffs, by the *repeated denial of due process and equal protection under the law* of the Plaintiffs, all in the darkest hours and days of his life, that is, before and after the **heart-wrenching and painful loss** of his *beautiful, beloved, and precious* wife, Lilli (Lillian J. Clark – Mrs. Clark).

Therefore, this Complaint's purpose is to *obtain a level of justice* for the Plaintiffs, and to put an end to said Defendants' *unconstitutional, illegal, and reprehensible* behavior, as well as to ensure that all named Defendants are held *fully and legally accountable* for their *reprehensible* acts towards Mr. Clark's *beloved and precious* wife of 27 years, Mrs. Clark, and himself; and to *hopefully* keep this *unconstitutional, illegal, and reprehensible* behavior from *ever* happening to anyone else in Connecticut and throughout the *United States of America, all by His Grace*.

## MEMORANDUM OF LAW
*[Bold italic added throughout document for emphasis].*

1.) *The Ninth (9ᵗʰ) Commandment* is:

> *"Thou shalt not bear false witness against thy neighbor."*

> Exodus 20:16

2.) *The Tenth (10ᵗʰ) Commandment* is:

> *"Thou shalt not covet thy neighbor's house ..., nor any thing that is thy neighbor's."*

> Exodus 20:17

3.) *The Second (2ⁿᵈ) Great Commandment* is:

> *"... Thou shalt love thy neighbor as thyself."*

> Matthew 22:39

8

4.) *"Therefore shall a man leave his father and his mother, and shall cleave unto his wife: and they shall be one flesh."*

Genesis 2:24

5.) *"For this cause shall a man leave his father and mother, and cleave to his wife; And they twain shall be one flesh: so then they are no more twain, but one flesh. What therefore God hath joined together, let not man put asunder."*

Mark 10:7-9

6.) There is a **Common Law Maxim**, which states the following:

*"**Truth is the essence of justice. Without truth justice cannot exist**."*

7.) There is a **Common Law Maxim**, which states the following:

*"There is **nothing more sacred, more inviolate, than the house of every citizen**."*

8.) *United States Constitution – 1ˢᵗ Amendment*, which reads as follows:

*"Congress shall make no law respecting an establishment of religion, **or prohibiting the free exercise thereof; or abridging the freedom of speech**, or of the press; or the right of the people peaceably to assemble, and **to petition the government for a redress of grievances.**"*

9.) *United States Constitution – 4ᵗʰ Amendment*, which reads as follows:

*"**The right of the people to be secure in their persons, houses**, papers, and effects, **against unreasonable searches** and seizures, **shall not be violated**, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."*

10.) *"The U.S. Constitution states only one command **twice**,"* in the 5ᵗʰ Amendment, and the 14ᵗʰ Amendment, that is, **the command/clause of due process of law**.

11.) *United States Constitution*: *Due Process of Law Clause – 5ᵗʰ Amendment*, which states, in part:

9

*"… nor be deprived of life, liberty, or property, **without due process of law**; nor shall private property be taken for public use, without just compensation*;

and the ***14th Amendment, Section 1***, which states, in part: *"… nor shall any state deprive any person of life, liberty, or property, **without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws**."*

12.)    *United States Constitution*: *Freedom to Contract Clause, Article I, Section 10, Clause 1*, which states, in part:
    *"No State shall … pass any … Law impairing the Obligation of Contracts …"*

13.)    **Amendment XI (Eleventh Amendment to the *Constitution of the United States*)**

    *"The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."*

14.)    The *Constitution of the State of Connecticut*, reads, *in part*, as follows:
    **CONSTITUTION OF THE STATE OF CONNECTICUT**

    **PREAMBLE.**

    The People of Connecticut acknowledging with gratitude, the good providence of God, in having permitted them to enjoy a free government; do, in order more effectually to define, secure, and perpetuate the liberties, rights and privileges which they have derived from their ancestors; hereby, after a careful consideration and revision, ordain and establish the following constitution and form of civil government.

    **ARTICLE FIRST.**
    **DECLARATION OF RIGHTS.**

    That the great and essential principles of liberty and free government may be recognized and established,

    **WE DECLARE:**

10

**(Equality of rights.)**
Sec. 1 All men when they form a social compact, **are equal in rights**; and no man or set of men are entitled to exclusive public emoluments or privileges from the community.

**(Trial by jury.)**
Sec. 19 **The right of trial by jury shall remain inviolate.**
*Amended by Article IV., of the Amendments to the Constitution of the State of Connecticut.*

**(Equal protection. No segregation or discrimination.)**
Sec. 20 **No person shall be denied the equal protection of the law** nor be subjected to segregation or discrimination in the exercise or enjoyment of his civil or political rights because of religion, race, color, ancestry or national origin.
*Amended by Article V., and Article XXI., of the Amendments to the Constitution of the State of Connecticut.*

## AMENDMENTS TO THE CONSTITUTION OF THE STATE OF CONNECTICUT

### ARTICLE IV.

**(Trial by jury. Challenging of jurors.)**
Section 19 of article first of the Constitution is amended to read as follows: **The right of trial by jury shall remain inviolate**, the number of such jurors, which shall not be less than six, to be established by law; but no person shall, for a capital offense, be tried by a jury of less than twelve jurors without his consent. In all civil and criminal actions tried by a jury, the parties shall have the right to challenge jurors peremptorily, the number of such challenges to be established by law. The right to question each juror individually by counsel shall be inviolate.

### ARTICLE V.

**(Equal protection. No segregation or discrimination.)**
Section 20 of article first of the Constitution is amended to read as follows:
**No person shall be denied the equal protection of the law** nor be subjected to segregation or discrimination in the exercise or enjoyment of his or her civil or political rights because of religion, race, color, ancestry, national origin or sex.
*Amended by Article XXI., of the Amendments to the Constitution of the State of Connecticut.*

11

**ARTICLE XXI.**

(**Equal protection. No segregation or discrimination.**)
Article fifth of the amendments to the Constitution is amended to read as follows:
**No person shall be denied the equal protection of the law** nor be subjected to segregation or discrimination in the exercise or enjoyment of his or her civil or political rights because of religion, race, color, ancestry, national origin, sex or physical or mental disability.

15.)    **28 U.S. Code § 1331** (*Federal Question*)

16.)    **28 U.S. Code § 1332** (*Diversity of Citizenship and Amount in Controversy*);

17.)    **28 U.S. Code § 1343** (*Civil Rights and Elective Franchise*)

18.)    **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*)
*Monell v. New York Department of Social Services,* 436 U.S. 658, 691 (1978).

19.)    **42 U.S.C. § 1985** (*Conspiracy to Interfere with Civil Rights*)

(3) DEPRIVING PERSONS OF RIGHTS OR PRIVILEGES

If two or more persons in any State or Territory conspire …, for the purpose of depriving, either directly or indirectly, any person or class of persons of ***the equal protection of the laws***, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory ***the equal protection of the laws***; … in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

20.)    **42 U.S.C. § 1986** (*Action for Neglect to Prevent*)

21.)    **42 U.S.C. § 1988** (*Proceedings in Vindication of Civil Rights*)

22.)    ***Connecticut General Statutes (C.G.S.), Section 52-557n*** reads as follows:

"*Liability of political subdivision and its employees, officers and agents. Liability of members of local boards and commissions. (a)(1) Except as otherwise provided by law, a political subdivision of the state **shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit**; ...*"

23.)    The ***Connecticut Attorney's Oath*** reads as follows:

"*You solemnly swear or solemnly and sincerely affirm, as the case may be, that you will do **nothing dishonest**, and will not knowingly allow **anything dishonest** to be done in court, and that you will inform the court of **any dishonesty** of which you have knowledge; that you will not knowingly maintain or assist in maintaining any cause of action that is **false** or unlawful; **that you will not obstruct any cause of action for personal gain or malice**; but that you will exercise the office of attorney, in any court in which you may practice, according to the best of your learning and judgment, faithfully, to both your client and the court; so help you God or **upon penalty of perjury**.*"

**(General Statutes § 1-25 and annotations.)**

24.)    **RULES OF PROFESSIONAL CONDUCT**
        **Preamble: A Lawyer's Responsibilities**

"*A lawyer, as a member of the legal profession, is a representative of clients, an officer of the legal system and **a public citizen having special responsibility for the quality of justice**.*

*As negotiator, a lawyer seeks a result advantageous to the client **but consistent with requirements of honest dealing with others**.*"

25.)    **CLIENT-LAWYER RELATIONSHIPS**
        **Rule 1.18. Duties to Prospective Client**

   (a) A person who consults with a lawyer concerning the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

(b) Even when no client-lawyer relationship ensues, *a lawyer who has learned information from a prospective client shall not use or reveal that information*, except as Rule 1.9 would permit with respect to information of a former client.

26.) **RULES OF PROFESSIONAL CONDUCT: RULE 3.1.**
**Meritorious Claims and Contentions**

*"**A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument** for an extension, modification or reversal of existing law.".*

27.) **RULES OF PROFESSIONAL CONDUCT: RULE 3.3(A)(1).**
**Candor Toward the Tribunal**

*"(a) **A lawyer shall not knowingly: (1) Make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.**"*

28.) **TRANSACTIONS WITH PERSONS OTHER THAN CLIENTS**
**Rule 4.1. Truthfulness in Statements to Others**

*"In the course of representing a client **a lawyer shall not knowingly: (1) Make a false statement of material fact or law to a third person;** or **(2) Fail to disclose a material fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client,** unless disclosure is prohibited by Rule 1.6."*

"**COMMENTARY: Misrepresentation.**
*A lawyer **is required to be truthful when dealing with others** on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts. **A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements**."*

29.) **RULES OF PROFESSIONAL CONDUCT: RULE 5.1(A).**
**Responsibilities of Partners, Managers, and Supervisory Lawyers**

*"A partner in a law firm, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, **shall make***

*reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct."*

30.)     **TRANSACTIONS WITH PERSONS OTHER THAN CLIENTS**
**Rule 4.1. Truthfulness in Statements to Others**

In the course of representing a client *a lawyer shall not knowingly:*
*(1) Make a false statement of material fact or law to a third person;* or
*(2) Fail to disclose a material fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client,* unless disclosure is prohibited by Rule 1.6.

**COMMENTARY: Misrepresentation.**
A lawyer *is required to be truthful when dealing with others* on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts. *A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements.*

## CAUSES OF ACTION

Plaintiffs allege that the following of our federal and state constitutional rights, privileges, and/or immunities, and the Plaintiffs' civil rights under federal statutes, and under state law, for the deprivation of Plaintiffs' constitutional, statutory, and state-law rights have been violated, and that the following material facts form the basis of our allegations.

## STATEMENT OF FACTS
*[Bold italic added throughout document for emphasis].*

1.) Plaintiff Gordon Clark (Mr. Clark) and Lillian J. Clark (Mrs. Clark) were married for 27 years (married on February 14, 1993), and together for *nearly* 30 years, before Mrs. Clark's *tragic and heart-wrenching* passing on October 18, 2020, after a *long, daily, and courageous* 11-year battle with Parkinson's disease, in her *beloved and humble* home of 65 years in Enfield, Connecticut at the age of 92 (nearly 93).

2.) On or around, November 2009, Mr. Clark's *beloved* wife, Mrs. Clark, was diagnosed with Parkinson's disease.

3.) During the last years 5 years of Mrs. Clark's *precious* life, she required nearly 24-hour care.

4.) Plaintiff Gordon Clark became his *beloved* wife's, Mrs. Clark's, full-time caregiver, in an effort to keep her out of a permanent nursing home, and in her *beloved and humble* home of 65 years, that her *beloved* father (Papa) helped her build in the hope of prolonging her life as long as possible, and keeping her from *dying alone*, without Mr. Clark by her side, in a nursing home due to COVID-19 restrictions, *all **only** by His Loving Grace and Mercy.*

5.) On or around 12:41 AM in the early morning of Sunday, October 18, 2020, Lillian J. Clark passed away in her husband's arms at the age of 92 after a *long, daily, and courageous* 11-year battle against Parkinson's disease at her *humble and beloved* home of 65 years in Enfield, Connecticut.

6.) Lillian J. Clark (Lilli) was *nearly* a lifelong resident of the *Town of Enfield*, and *a law-abiding property owner* and taxpayer for over 65 years of the 92 years of her *precious* life. She **loved** Enfield and her *beloved and humble* home of 65 years, *more than words can adequately state*; a home that her *beloved* Papa helped her build in 1955, and where she *never* wanted to move from and where she wanted to take her last breath. Moreover, her *beloved* Papa was buried at *St. Adalbert's Cemetery* in Enfield in 1985, and when we met in 1991, Lilli, was still visiting her *beloved* Papa *nearly* every day at St. Adalbert's after work, and continued to do so for many more years, before she was *tragically* diagnosed with Parkinson's disease in 2009, and *immediately* gave up driving.

Before Lilli's *beloved* Papa died at the age of 95, he was a resident of *Parkway Pavilion Nursing Home* in Enfield for approximately the last eight (8) years of his life, where Lilli visited him *nearly* every day. One day, after a *once in a lifetime* tornado hit Windsor Locks, right near Lilli's former workplace, which downed power lines and flip over small aircraft, and after being told to not leave her workplace due to safety concerns. Lilli with *unwavering* love and courage in her heart got into her flooded car and drove around downed powerlines to visit her *beloved* Papa that day. When Lilli's *beloved* Papa passed away, *Parkway Pavilion* wrote Lilli a condolence letter, stating that they had **never before witnessed such love and devotion** that Lilli had for her *beloved* Papa.

Furthermore, about seven (7) years after we were married, and had the resources to move to West Hartford, where I was raised, and where Lilli's *beloved* twin sister lived; however, Lilli *lovingly, kindly, repeatedly, firmly, and unequivocally* declined to move from Enfield. She *loved* Enfield and her *beloved and humble* home so much that I could not convince her to move from Enfield no matter how much I tried and begged. Consequently, after years of trying and begging, and knowing Lilli's immense strength and fortitude, and that when she said "no" she meant it, I *finally* gave up asking her to move. It took me a while to realize it, but it dawned on me that if living in Enfield made

16

my *beloved and precious* Lilli happy, then it made me happy too.  Therefore, I learned to appreciate, respect, and even love Enfield and her *beloved and humble* home as well, but not as much as Lilli, which was an impossibility.

7.) Plaintiff Gordon Clark was raised in West Hartford, Connecticut, is a *U.S. Navy veteran*, and once managed over $200 million (over $500 million today) in commercial real estate for *Barclays Bank*.  Moreover, Mr. Clark earned an economics degree *with honors* from *Trinity College* in Hartford, where he was *asked* to be the teaching assistant for the *Finance* class, as well as *asked* to be the teaching assistant for the *Money & Banking* class.  Mr. Clark also completed his *Senior Thesis*, which was about 200 pages in length on *Property Rights*.  Furthermore, Mr. Clark earned an MBA from the most competitive business school in the country *at the time*.  Additionally, Mr. Clark was a *carpenter* in his youth.

8.) The *Estate of Lillian J. Clark* is **presently pending** before Judge Carolyn L. McCaffrey of the *Court of Probate, North Central Connecticut, District No. PD11*.

9.) Plaintiff Gordon Clark is also his wife's, Mrs. Clark's, sole executor of her estate, and was appointed the executor of the *Estate of Lillian J. Clark* on August 6, 2021, by the *Court of Probate, North Central Connecticut, PD11*.

10.)    Mr. Clark was bequeathed *in its entirety*, through Lillian Clark's *Last Will and Testament*, her *beloved and humble* home of 65 years that her *beloved* Papa helped her build in 1955.

11.)    Defendant *Santander Bank, N.A.*, is a subsidiary of Spain-headquartered parent company, *Banco Santander, S.A.*, that operates branch locations in nine (9) U.S. states on the east coast, and is headquartered in Boston, Massachusetts.

12.)    Defendant *Santander Bank, N.A.* has never recovered from the *financial and real estate crisis* of 2008, and it *appears* to be on the verge of *bank insolvency*.  Case in point, *Santander Bank, N.A.'s* stock (SAN) trades in **half-cent** increments. Defendant *Santander Bank, N.A.'s* stock (SAN) trades *like* a *penny stock* and/or a *pink sheet stock*, due to **over a decade of mismanagement** from at least the time of the *2008 Financial Crisis*.  The stock closed on November 17, 2023, at **$4.04**, and may be looking to test its *36-year low* of approximately **$1.85** per share or *possibly* even lower, that is, *if and when* there is another financial crisis.

13.)    Defendant *Santander Bank, N.A.'s* (SAN) stock is trading at a *near 36-year low*,

17

while the *overall stock market* and other bank stocks like *JPMorgan Chase* are near *all-time highs*, and are expanding their number of bank locations, despite the growth of online banking, while Defendant *Santander Bank, N.A.* continues to close down *more and more* of their bank branches.

14.) Defendant *Santander Bank, N.A.* is closing an *ever-increasing* number of bank branches, two (2) out of three (3) in the Enfield, Connecticut area *alone* have recently closed, including the bank branch (previously located at 800 Enfield Street, Enfield, CT 06082) where Mr. Clark was *repeatedly defrauded,* and racially discriminated against; and with Defendant *Santander Bank, N.A.'s* recent *abrupt, sudden, inexplicable, and public* decision to exit the *home lending market* announced on February 2, 2022, Defendant *Santander Bank, N.A.* will *probably* continue to close additional bank branches, *that is*, until all branches are *most likely* closed in the United States, and *likely* shortly before claiming insolvency and filing for bankruptcy.

15.) The *investment institutions*, along with Defendant *Santander Bank, N.A.'s* own customers are not willing to invest in Defendant *Santander Bank, N.A.'s* failing and unprofitable business model and *extremely* poor *so-called* customer service.

• Percentage of *Santander Bank, N.A.* (SAN) stock held by institutions is approximately **2.07%**.

• Percentage of *Wells Fargo* (WFC) stock held by institutions is approximately **76.09%**.

• Percentage of *JPMorgan Chase* (JPM) stock held by institutions is approximately **71.99%**.

16.) *Wells Fargo & Company* (WFC) who has had *major regulatory fines* of approximately $5 billion over the past five (5) years, and *publicly admitting* more are *on the horizon*, and with rising legal costs of around $3 billion is still around 20% from their *all-time high stock price*, yet Defendant *Santander Bank, N.A.'s* stock continues to trade near its 36-year low.

17.) On May 20, 2020, it was reported by *The Wall Street Journal* that *Santander Consumer USA Holdings, Inc's*, which is **also** a subsidiary (as is *Santander Bank, N.A.*) of Spain-headquartered parent company, *Banco Santander, S.A.*, had reached a $550 million settlement with nearly three dozen *U.S. states attorney generals* to settle charges of *predatory auto lending* to low-income and subprime borrowers.

18.) Based on Defendant *Santander Bank, N.A.'s* recent settlement of *predatory*

18

*lending claims* with thirty-five (35) States, if one includes Defendant *Santander Bank, N.A.'s* 2017 settlement with Delaware and Massachusetts, as well as with the *District of Columbia*. Clearly, *obeying the law, **is not a priority*** for Defendant *Santander Bank, N.A.*

19.) On or around February 2, 2022, Defendant *Santander Bank, N.A.*, **abruptly, suddenly, inexplicably, and publicly** announced their *exit* from the *U.S. Residential Mortgage and HELOC* lending market, which was only twenty-three (23) days **after** the *pro se* Plaintiff filed a *Complaint* with the *United States District Court District of Connecticut* on January 10, 2022.

20.) Shortly after February 3, 2022, *pro se* Plaintiff received via *USPS First Class Mail* a *notification letter* from Defendant *Santander Bank, N.A.* of their said **abrupt, sudden, inexplicable, and public** decision to *exit* from the *U.S. Residential Mortgage and HELOC* lending market **starting** on February 11, 2022.

21.) On February 9, 2022, the *Philadelphia Business Journal* published an article that Defendant *Santander Bank, N.A.*, had announced the *layoffs/firings* of approximately **400 employees** due to their **abrupt, sudden, inexplicable, and public** *exit* from the *U.S. Residential Mortgage and HELOC* lending market.

22.) On February 11, 2022, Plaintiff *electronically* filed with the *USDC in Hartford* an *Emergency Motion for Defendant Santander Bank, N.A. to Preserve All U.S. Residential Mortgage and HELOC Records, and All Related Employment Records*.

23.) As of February 11, 2022, the date of Defendant *Santander Bank, N.A.'s abrupt, sudden, inexplicable, and public* decision to exit from the **historic, record breaking and booming** home lending market, Defendant *Santander Bank, N.A.* has become a shell of its former self, by cannibalizing itself, in a *desperate effort* to raise cash in an ongoing attempt to further delay their *likely* financial reckoning/collapse/insolvency.

24.) Shortly after May 1, 2019, Mrs. Clark received an *erroneous, baseless, and meritless foreclosure letter* addressed to Lillian Byron, **not Lillian Clark**, from *Santander Bank, N.A.* threatening to foreclose on Mrs. Clark's humble home of 65 years, that her *beloved* father (Papa) helped her build, that she *never* wanted to move from, when we had **never** missed a payment and were presently **current** on our property taxes, demanding an extortionist lump sum payment of $37,575.86 in

19

less than 20 days, all while Mr. Clark's *beloved* Lilli was battling *daily* for her *precious* life.

25.)    On November 22, 2019, Defendant *Santander Bank, N.A.*, through its battery of attorneys filed a *2-count Complaint* (foreclosure lawsuit) against Mrs. Clark and the *pro se* Plaintiff with the *Superior Court in Hartford*.

26.)    *Count 1* of said Defendant *Santander Bank, N.A.'s 2-count Complaint* is: *Reformation of Mortgage*; and *Count 2* of said Defendant *Santander Bank, N.A.'s 2-count Complaint* is: *Foreclosure of the Mortgage as Reformed*.

27.)    On April 29, 2022, the *pro se* Plaintiff filed **DEFENDANTS' ANSWER, AFFIRMATIVE/SPECIAL DEFENSES, COUNTERCLAIM, AND JURY DEMAND** with the *Superior Court in Hartford*.

28.)    On April 10, 2023, Defendant *Santander Bank, N.A.*, through its attorney Defendant Jeffrey M. Knickerbocker filed with the *Superior Court in Hartford* a *fraudulent Certificate of Closed Pleadings **falsely*** claiming a ***non-jury trial***.

29.)    On May 2, 3, and 4, 2023, the *Superior Court in Hartford* conducted a *Remote Court Trial*, where Mr. Clark was ***repeatedly, unjustly, and unlawfully denied his due process of law rights***, all of which Mr. Clark opposed/objected, including, but not limited to the denial of ***any and all exhibits***, ***the denial of any and all witnesses***, and the denial of Mr. Clark's ***constitutional right to a jury trial enshrined in the Constitution of the State of Connecticut***.

30.)    On May 26, 2023, the *pro se* Plaintiff filed a **SECOND AMENDED APPEAL**; and **AMENDED PRELIMINARY STATEMENT OF ISSUES** with the *Appellate Court of Connecticut*.

31.)    Despite Defendant *Santander Bank, N.A.'s*, and its attorneys ***ongoing efforts to deceive, obfuscate, and to evade the material facts and relevant law in this case***, they will ***never be able to change nor honestly deny any of the simple and basic material facts in this case***, some of which are:

1. The *pro se* Plaintiffs had ***never missed a payment*** *before* receiving Defendant *Santander Bank, N.A.'s erroneous, baseless, and meritless* letter dated May 1, 2019, ***inexplicably*** addressed to Lillian Byron, ***not to Lillian Clark***, *threatening to foreclose* if an *extortionist lump sum*

20

*payment* of **$37,575.86** was not paid *in less than 20 days*, by May 20, 2019.

2. The *pro se* Plaintiffs were **current on their property taxes** *before* receiving Defendant *Santander Bank, N.A.'s erroneous, baseless, and meritless* letter dated May 1, 2019, **inexplicably** addressed to Lillian Byron, **not to Lillian Clark**, *threatening to foreclose* if an *extortionist lump sum payment* of **$37,575.86** was not paid *in less than 20 days*, by May 20, 2019.

3. Defendant *Santander Bank, N.A.*, has *admitted against interest* that they have a *defective/invalid alleged mortgage* that contains **no valid legal property description whatsoever**; and therefore, **was not and could not be in default** on or around May 1, 2019, which *cannot be lawfully amended/reformed without the pro se Plaintiff's consent*.

4. Defendant *Santander Bank, N.A.*, has *admitted against interest* that they have made **no claims of fraud**, **nor of mutual mistake** against the *pro se Plaintiffs*.

32.) From April 25, 2023 through May 19, 2023, *Superior Court of Hartford*, Judge Claudia A. Baio, issued nineteen (19) Court Orders (**Please see: Docket No. HHD-CV19-6120472-S**), which denied the *pro se* Plaintiffs' their constitutional rights under the *Constitution of the State of Connecticut*, which include, but are not limited to repeated violations of *pro se* Plaintiffs' **right to equal protection under the law**, by denying the *pro se* Plaintiffs their **due process of law rights to a jury trial, discovery, witnesses, exhibits, exculpatory evidence, and testimony**.

33.) *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on April 25, 2023, (**Please see: Docket Entry - 205.86**), denying *pro se* **DEFENDANTS' MOTION FOR JUDGMENT IN ACCORDANCE WITH THREE (3) OPINIONS OF THE SUPREME COURT OF CONNECTICUT** (**Please see: Docket Entries – 205.00, and 205.86**), without issuing a *Memorandum of Decision*.

34.) *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on April 25, 2023, (**Please see: Docket Entry - 221.87**), denying *pro se* **DEFENDANTS' MOTION TO COMPEL PLAINTIFF SANTANDER BANK, N.A. TO PRODUCE DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** (**Please see: Docket Entries - 221.00, 221.86, and 221.87**), without issuing a *Memorandum of Decision*.

35.) *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on April

25, 2023, **(Please see: Docket Entry - 222.86)**, sustaining **PLAINTIFF'S OBJECTION TO THE REQUEST FOR PRODUCTION (Please see: Docket Entries - 222.00, and 222.86)**, without issuing a *Memorandum of Decision*.

36.)   *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on April 25, 2023, **(Please see: Docket Entry - 247.86)**, granting **PLAINTIFF'S MOTION FOR ORDER OF COMPLIANCE (Please see: Docket Entries - 247.00, and 247.86)**, without issuing a *Memorandum of Decision*.

37.)   *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on May 1, 2023, **(Please see: Docket Entry - 253.86)**, overruling *pro se* **DEFENDANTS' OBJECTION TO PLAINTIFF SANTANDER BANK, N.A.'S FRAUDULENT FILING OF CERTIFICATE OF CLOSED PLEADINGS; AND DEFENDANTS' RESERVATION OF RIGHT TO FILE MOTIONS TO AMEND PLEADINGS UPON COMPLETION OF DISCOVERY, AND RESERVATION OF RIGHT TO A JURY TRIAL (Please see: Docket Entries - 253.00, and 253.86)**, without issuing a *Memorandum of Decision*.

38.)   *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on May 1, 2023, **(Please see: Docket Entry - 255.86)**, denying *pro se* **DEFENDANTS' MOTION TO STRIKE PLAINTIFF SANTANDER BANK, N.A.'S FILING OF FRAUDULENT CERTIFICATE OF CLOSED PLEADINGS (Please see: Docket Entries – 255.00, and 255.86)**, without issuing a *Memorandum of Decision*.

39.)   *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on May 2, 2023, **(Please see: Docket Entry - 256.86)**, denying *pro se* **DEFENDANTS' MOTION FOR SANCTIONS AGAINST ATTORNEYS JEFFREY M. KNICKERBOCKER, AND ADAM L. BENDETT, AND BENDETT & MCHUGH, P.C. FOR ITS ONGOING ABUSE OF COURT PROCEEDINGS AGAINST PRO SE DEFENDANTS, WHICH INCLUDES, BUT IS NOT LIMITED TO THE FILING OF A FRAUDULENT CERTIFICATE OF CLOSED PLEADINGS (Please see: Docket Entries – 256.00, and 256.86)**, without issuing a *Memorandum of Decision*.

40.)   *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on May 2, 2023, **(Please see: Docket Entry - 257.86)**, denying *pro se* **DEFENDANTS' MOTION FOR CONTINUANCE OF A JURY TRIAL (Please see: Docket Entries – 257.00, and 257.86)**, without issuing a *Memorandum of Decision*.

41.)    *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on May 2, 2023, (**Please see: Docket Entry - 263.86**), denying *pro se* **EMERGENCY MOTION FOR ORAL ARGUMENT RECONSIDERATION-REARGUMENT OF MOTIONS 205.00, 221.00, AND 247.00 (Please see: Docket Entries – 263.00, and 263.86)**, without issuing a *Memorandum of Decision*.

42.)    *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on May 2, 2023, (**Please see: Docket Entry - 272.86**), granting **PLAINTIFF'S MOTION TO STRIKE JURY CLAIM (Please see: Docket Entries - 272.00, and 272.86)**, without issuing a *Memorandum of Decision*.

43.)    *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on May 2, 2023, (**Please see: Docket Entry - 275.86**), sustaining **PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTIONS 255.00, 256.00, 257.00 AND 263.00 (Please see: Docket Entries - 275.00, and 275.86)**, without issuing a *Memorandum of Decision*.

44.)    *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on May 2, 2023, (**Please see: Docket Entry - 281.86**), granting **PLAINTIFF'S MOTION FOR ORDER TO FIND NO APPELLATE STAY (Please see: Docket Entries - 281.00, and 281.86)**, without issuing a *Memorandum of Decision*.

45.)    *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on May 3, 2023, (**Please see: Docket Entry - 276.86**), granting **PLAINTIFF'S MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE (Please see: Docket Entries - 276.00, and 276.86)**, without issuing a *Memorandum of Decision*.

46.)    *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on May 3, 2023, (**Please see: Docket Entry - 283.86**), denying *pro se* **DEFENDANTS' EMERGENCY MOTION TO SUBPOENA JOANNA WHEELER OF SANTANDER BANK, N.A. (Please see: Docket Entries – 283.00, and 283.86)**, without issuing a *Memorandum of Decision*.

47.)    *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on May 3, 2023, (**Please see: Docket Entry - 284.86**), overruling *pro se* **DEFENDANTS' OBJECTION TO ATTORNEY JEFFREY M. KNICKERBOCKER'S FRAUDULENT LIST OF EXHIBITS FILING, AND**

**FAILURE TO SUBMIT A WITNESS LIST TO THE PRO SE DEFENDANTS; AND THIS COURT'S FAILURE TO ENTER A TRIAL MANAGEMENT ORDER BEFORE TRIAL TO THE PRO SE DEFENDANTS (Please see: Docket Entries - 284.00, and 284.86)**, without issuing a *Memorandum of Decision*.

48.)    *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on May 3, 2023, (**Please see: Docket Entry - 285.86**), denying *pro se* **DEFENDANTS' MOTION FOR SANCTIONS AGAINST ATTORNEYS JEFFREY M. KNICKERBOCKER, AND ADAM L. BENDETT, AND BENDETT & MCHUGH, P.C. FOR ITS ONGOING ABUSE OF COURT PROCEEDINGS AGAINST PRO SE DEFENDANTS, WHICH INCLUDES, BUT IS NOT LIMITED TO THE FILING OF A FRAUDULENT LIST OF EXHIBITS FILING, AND FAILURE TO SUBMIT A WITNESS LIST TO THE PRO SE DEFENDANTS (Please see: Docket Entries – 285.00, and 285.86**), without issuing a *Memorandum of Decision*.

49.)    *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order (*Memorandum of Decision*) on May 19, 2023, issuing judgment in favor of Plaintiff *Santander Bank, N.A.'s* Complaint, and also issuing judgment of *Foreclosure by Sale* against *pro se* Defendants (**Please see: Docket Entry – 292.00**).

50.)    *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order on May 19, 2023, against *pro se* Defendants, ordering *Foreclosure by Sale* on August 26, 2023 (**Please see: Docket Entry – 292.10**).

51.)    *Superior Court of Hartford*, Judge Claudia A. Baio, issued a Court Order (*Judgment*) on May 19, 2023, against *pro se* Defendants, ordering *Judgment of Foreclosure by Sale* (**Please see: Docket Entry – 293.00**).

52.)    On May 30, 2023, Mr. Clark filed a *Motion to Compel Transcript Delivery* with the *Appellate Court of Connecticut* (**Please see: Docket Number - AC 46473**).

53.)    On June 14, 2023, the *Appellate Court of Connecticut* denied Mr. Clark's *Motion to Compel Transcript Delivery* (**Please see: Docket Number - AC 46473**).

54.)    On Tuesday, August 15, 2023, the *pro se* Plaintiff, Gordon Clark (Mr. Clark), was

24

*forced*, and/or given *no other viable legal option*, than to file for Chapter 13 bankruptcy protection, per **11 U.S.C. § 362 – Automatic Stay**, with the *United States Bankruptcy Court District of Connecticut* in Hartford to prevent the pending *Foreclosure by Sale* of Mr. Clark's deceased wife's *beloved and humble* home of 65 years.

55.)  *While under Chapter 13 bankruptcy protection*, on Wednesday, September 13, 2023, the *Appellate Court of Connecticut* denied Mr. Clark's *Motion for Reconsideration En Banc* (**Please see: Docket Number - AC 46473**).

56.)  Consequently, on Monday, October 2, 2023, the *pro se* Plaintiff, Mr. Clark was *forced*, and/or given *no other viable legal option*, than to file a **PETITION BY CERTIFICATION FOR REVIEW** with the *Supreme Court of Connecticut* (**Please see: Docket Number - SC 230179**).

57.)  On Friday, November 17, 2023, the *pro se* Plaintiff, Mr. Clark, filed a **MOTION FOR A WRIT OF MANDAMUS TO COMPEL THE CONSTITUTIONAL AND INVIOLATE RIGHT TO A JURY TRAIL** with the *Supreme Court of Connecticut* (**Please see: Docket Number - SC 230179**).

58.)  The Plaintiffs have repeatedly filed *Grievance Complaints* with the Connecticut *Statewide Grievance Committee*, and its representative attorneys, Christopher L. Slack, John J. Quinn, and Eugene J. Riccio. Along with Defendants' representative attorney in said *Grievance Complaints*, Brendon P. Levesque of *Barry, Barall, Taylor & Levesque, LLC*. While also repeated notifying Attorney General Willaim Tong of the *State of Connecticut Office of the Attorney General*, and Commissioner Michelle H. Seagull of the *Connecticut Department of Consumer Protection* of such ongoing judicial abuses, but all to no avail to date.

59.)  Apparently, because *state bars* and *courts of law* continue to allow attorneys *to lie with impunity, and abuse the legal system, and delay timely resolution of cases to line their own pockets with ill-gotten legal fees*, *all under the guise of professional courtesy*, and all at the expense of the *poor, elderly, sickly, and uneducated people*.

60.)  The *Statewide Bar Grievance Committee* also repeatedly failed to schedule a *single hearing* to take testimony *under oath*, despite repeated requests by Plaintiffs. Nor allow Mr. Clark the opportunity to subpoena a *prominent and experienced* Connecticut foreclosure attorney who *boldly, unapologetically, unashamedly, and with impunity* told Mr. Clark over the phone approximately

25

two (2) years ago that, "*The facts do not matter, because the courts favor the banks*." As well as subpoena said *Statewide Bar Grievance Committee* for their statistics of the number of *Grievance Complaints* it has received each year over the past 25 years, and the percentage of said *Grievance Complaints* that resulted in disciplinary action by said *Committee*, which is *likely* less than 1%. Since *so-called* bar associations across the United States have *repeatedly proven themselves* to be captured, and/or corrupted, and/or impotent to hold their legal colleagues accountable.

Moreover, it appears that bar associations' *sole purpose* is to protect its judicial members from any discipline of wrongdoing, except in the most egregious cases, that reach public awareness through media reports, although they have *still not yet* held Thomas, Alito, Guiliani, John Eastman, Sidney Powell, L. Lin Wood, Jenna Ellis, and countless other attorneys accountable. Because discipline is *typically* only executed to maintain some *false facade* of bar association legitimacy, only after years of litigation, and *generally* results in just a *mealy-mouthed* admonition, and/or a paltry fine.

Consequently, bar associations have proven to be capture, corrupted, impotent, ineffective, and unwilling and able to protect the public from their colleagues *ongoing, blatant, and damaging lies, and unconstitutional, illegal, unlawful, and immoral practices*. And despite false claims otherwise, the protection of the public interest *is not* a priority nor even on their list of priorities for said bar associations. Instead, the *sole function* of bar associations is to protect (*more like coverup wrongdoings with impunity with more lies*) their judicial colleagues from *nearly all* fair and just accountability, except in the most egregious cases where the public becomes aware of their egregious misdeeds.

Therefore, if the *past is prologue*, the Connecticut *Statewide Bar Grievance Committee* will continue to rule in their legal colleague's favor based on its *countless lies and misrepresentation of the facts*, and *without any investigation, nor hearing under oath*. Which can best be described as a kangaroo proceeding, *more akin* to a Russian court, than any legitimate and lawful American legal proceeding.

*"And He said, Woe unto you also, ye lawyers!*
*for ye lade men with burdens grievous to be borne,*
*and ye yourselves touch not the burdens with one of your fingers."*

Luke 11:46

61.)    Pursuant to 42 U.S.C. § 1983, public entities are liable for constitutional and/or

civil rights violations when execution of their official policy or custom deprives an individual of his constitutional and/or civil rights. A public entity is also liable for constitutional and/or civil rights violations when its failure to establish a policy or procedure or to properly train, supervise, and/or discipline its employees amounts to deliberate indifference to the rights of persons with whom its employees come into contact.

62.)    Based on the facts in this matter and *multiple joint filings* by many of the Defendants, it appears that the majority of the Defendants have agreed verbally and/or in writing to ***cooperate, coordinate, and/or conspire*** against the Plaintiffs in this matter in an ongoing effort to deny the Plaintiffs their state and federal constitutionally protected and civil rights to *due process of law*. Moreover, this Court should take *Judicial Notice* that the Defendants have vast human and financial resources at their disposal, and that Mr. Clark is presently *pro se*, and Mr. Clark has had to interact with five (5) *opposing law firms*, and ten (10) *opposing attorneys* in Mr. Clark's ongoing efforts to resolve this matter, based on *truth and justice*.

63.)    For example, on Tuesday, May 3, 2022, Mr. Clark contacted another *prospective attorney*, Attorney Ridgely Whitmore Brown (Mr. Brown) of the *Law Office of Ridgely Whitmore Brown* in Stamford, Connecticut to *potentially represent* the Plaintiffs' interests in the pending *Superior Court* and USDC cases. After approximately a 45-minute phone call, and a subsequent over one (1) hour video call, Mr. Brown and Mr. Clark agreed to meet *face to face* sometime over the weekend in Stamford, Connecticut.

64.)    On Saturday, May 7, 2022, said *prospective attorney* (Mr. Brown) and Mr. Clark met *face to face* for over four (4) hours in Mr. Brown's law office located at 15 Fifth Street in Stamford, Connecticut to discuss said pending cases, and *potential representation*.

65.)    On Monday, May 9, 2022, at 10:54 AM, Mr. Clark, emailed *opposing counsel*, Patrick Tracey (Mr. Tracey), Sean Higgins (Mr. Higgins), and Jeffrey M. Knickerbocker (Mr. Knickerbocker) notifying them of Plaintiffs' intent to file a *Motion for a 21-Day Time Extension* requesting their *consent or not* by 3 PM.

Mr. Knickerbocker responded in 5-minutes via email stating that he *objects/does not consent* to said Motion; Mr. Tracey responded in about 2-hours via email also stating that he *objects/does not consent* to said Motion. However, Mr. Higgins *did not respond* by 5 PM or at any time thereafter, which, ***unbeknownst to Mr. Clark at the time***, appears to have been due to Mr. Higgins ***immorally, unethically, unlawfully, and illegally conspiring*** with Mr. Brown for Mr. Clark

27

to *withdraw the Plaintiffs' federal (USDC) Complaint*, even though Mr. Higgins *knowingly understood* that Mr. Brown *had not been hired/retained* by Mr. Clark to represent the Plaintiffs in this matter, *yet Mr. Higgins disregarded his moral, ethical, lawful, and legal responsibilities and duties* and continued to *conspire* with Mr. Brown for Mr. Clark to *withdraw the Plaintiffs' federal Complaint*.

66.)    On Monday, May 9, 2022, at 3:14 PM, Mr. Brown forwarded Mr. Clark an email with his attached *proposed fee agreement* (**Please see attached: Exhibit B, and Exhibit C**).

67.)    On Tuesday, May 10, 2022, at 10:57 AM, Mr. Clark forwarded Mr. Brown an email *declining* Mr. Brown's *proposed fee agreement* (**Please see attached: Exhibit D**), which states, *in part*, the following:

" … it appears that we are *too far apart* to come to a *mutually acceptable* representation and fee agreement."

" … I simply cannot afford your $575 hourly rate *at this time*."

" … I do not believe that our interests are aligned nor incentivized for our *mutual benefit* in your fee agreement.

" … I do not want to offend you, so I will not make you any counteroffer."

"Finally, you also mentioned that you would *probably* recommend me withdrawing my federal case, which you had not previously mentioned, … "

" … although we were not able to come to a *mutually acceptable* representation and fee agreement, … "

68.)    On Tuesday, May 10, 2022, around 2:45 PM, Mr. Clark left his home in Enfield, Connecticut to go to the *Hartford Law Library* located at the *Superior Court* in Hartford at 95 Washington Street.  While enroute, Mr. Clark received a phone call from Mr. Brown; however, Mr. Clark *prefers* to not take any calls while driving. Therefore, Mr. Clark did not answer said call, and Mr. Brown left Mr. Clark a 32-second voicemail message on or around 2:59 PM, *clearly confirming* that Mr. Brown and Mr. Clark *had not* come to any representation nor fee agreement (**Please see attached: Exhibit E**), which states, *in its entirety*, the following:

28

*"Gordon, Ridge Brown speaking. I am invested in your case, cause its interesting as you are. So, I would like to tell you a few things, that I think you should do whether or not you engage my services; and then I will try to figure out a compromise fee arrangement and discuss it with you. Please give a call. Thanks."*

After hearing Mr. Brown's voicemail message, Mr. Clark had every intention of returning Mr. Brown's phone call when he returned home after 5 PM.

69.) On Tuesday, May 10, 2022, sometime after 5 PM, Mr. Clark returned home from the *Hartford Law Library* and discovered two (2) emails that Mr. Brown had sent to Mr. Clark, shortly before Mr. Brown called Mr. Clark and leaving said voicemail message at 2:59 PM. The *first email* was sent at 2:54 PM by Mr. Brown (**Please see attached: Exhibit F**), which stated, *in its entirety*, the following:

**First email (sent at 2:54 PM):**

"Thanks. I'm going to call you in a few and I am forwarding Higgins email fyi"

*Needless to say*, Mr. Clark was *immediately stunned and sickened* to read opposing counsel, Attorney Sean R. Higgins's (Mr. Higgins's) last name mentioned in said email from Mr. Brown, but Mr. Clark just thought it was a coincidence, and that the "Higgins" that Mr. Brown was referring to was just another case citation or someone else who shares the name "Higgins." However, after reading Mr. Higgins's email sent to Mr. Brown and *forwarded* to Mr. Clark by Mr. Brown a few minutes after Mr. Brown's *first email* at 2:56 PM, *any and all benefit of the doubt* that Mr. Clark had for Mr. Brown and Mr. Higgins *instantly evaporated*.

70.) On Tuesday, May 10, 2022, sometime after 5 PM, Mr. Clark returned home from the *Hartford Law Library* and discovered two (2) emails that Mr. Brown had sent to Mr. Clark, shortly before Mr. Brown called Mr. Clark and leaving said voicemail message at 2:59 PM. The *second email* was an email *originally* sent by Mr. Higgins to Mr. Brown on Monday, May 9, 2022, at 8:27 PM, *after business hours*, and Cc'd to attorneys Jeffrey M. Knickerbocker (Mr. Knickerbocker) and Patrick Tracey (Mr. Tracey), which Mr. Brown *forwarded* to Mr. Clark at 2:56 PM on Tuesday, May 10, 2022 (**Please see attached: Exhibit G**), which stated, *in its entirety*, the following:

**Second *forwarded* email (sent at 2:56 PM):**

29

"Ridge:

I am copying Patrick Tracey and Jeff Knickerbocker, counsel for the other defendants in the federal lawsuit filed by Gordon Clark. Following up on our discussion today, I understand that you may appear for Mr. Clark in the state court foreclosure case. As for the federal court case, if Mr. Clark were to dismiss the lawsuit and proceed only in the state court, I suspect that the defendants would be agreeable to such an arrangement. That said, I thought it would be best to include all counsel in one email in the interests of getting on the same page. Perhaps a conference call makes sense? If not, maybe you want to have Mr. Clark send over a proposed stipulation of dismissal? Open to suggestions, though I speak only for my clients Wells Fargo and Mr. Powell. I will let Patrick and Jeff speak for their respective clients. Thank you.

Sean"

Once again, *needless to say*, Mr. Clark was ***stunned and sickened*** to read *opposing counsel*, Attorney Sean R. Higgins's (Mr. Higgins's) email dated Monday, May 9, 2022, at 8:27 PM, ***after business hours***. Where Mr. Higgins ***clearly acknowledges*** that Mr. Brown ***was not*** Mr. Clark's *retained attorney ("… that you may appear for Mr. Clark …"*), yet Mr. Higgins was following up with ***proposed next steps*** in Mr. Brown's and Mr. Higgins's ***conspiracy to convince Mr. Clark to withdraw the Plaintiffs' federal Complaint***. After reading Mr. Higgins's above email, which ***clearly proves*** Mr. Brown's ***immoral, unethical, and illegal behavior and complete and total betrayal*** of Mr. Clark's ***private, confidential, and privileged information***, as well as Mr. Brown's and Mr. Higgins's ***immoral, unethical, and illegal behavior exercised with impunity***. Based on said ***egregious and reprehensible behavior*** by Mr. Brown and Mr. Higgins, Mr. Clark decided not to return Mr. Brown's phone call, *but instead*, Mr. Clark had to *rush to compose* a *Legal Notification to Cease and Desist* letter and emailed it to Mr. Brown, and all *opposing counsel* at 8:34 PM on Tuesday, May 10, 2022.

71.)    On Tuesday, May 10, 2022, at 8:34 PM, Mr. Clark emailed Mr. Brown a *Legal Notification to Cease and Desist* letter, and Cc'd all other opposing counsel, that is, Mr. Higgins, Mr. Knickerbocker, and Mr. Tracey (**Please see attached: Exhibit H**), which states, *in part*, the following:

1. Mr. Brown, you ***have not*** been hired by me at ***any point in time***, verbally nor in writing, to be my legal counsel in ***any matter whatsoever***, and you acknowledged this fact with a voicemail message you left on my phone on Tuesday, May 10, 2022, on or around 2:59 PM.

2. Mr. Brown, you also were *never* given any permission, nor did you *ever* ask for my permission, nor did you *ever* inform me that you were going to contact Attorney Sean R. Higgins of *K&L Gates, LLP* of Boston, and/or contact any other opposing counsel concerning my pending Superior Court and USDC cases, *and yet you did*.

3. Mr. Brown, this letter is *legal notification to cease and desist* from communicating *in any manner* with Attorney Sean R. Higgins of *K&L Gates, LLP* of Boston, nor with any other opposing counsel concerning my pending Superior Court and USDC cases.

72.) On Wednesday, May 11, 2022, at 9:48 AM, Mr. Brown sent his *last email to date* to Mr. Clark (**Please see attached: Exhibit I**), which states, *in part*, the following:

"Dear Gary—

Acknowledged.

I am surprised at the tone of the letter, … "

*First of all*, Mr. Clark's first name is not Gary, its Gordon, and Mr. Brown *knows* that, since in over six (6) hours of discussions over two (2) days, Mr. Brown *never called* Mr. Clark by any other name but Gordon. Moreover, despite Mr. Brown's age of 75 years, Mr. Brown has a *very sharp mind*, and continues to be a *practicing and accomplished* attorney in Connecticut for decades.

Therefore, *it is clear* to Mr. Clark, that Mr. Brown in said above email is *laying the groundwork* for a defense of a *simple misunderstanding*, instead of an *egregious, immoral, unethical, and illegal breach of the law*, the *Connecticut Attorney's Oath*, and the *Rules of Professional Conduct* (Rule 1.18, and 4.1), which would be a *false claim* that Mr. Brown will *likely* base on his age and/or health, which is *disingenuous on its face*, based on the *clear evidence otherwise*.

73.) Finally, based on *all the above facts*, Mr. Clark through *discovery* plans to uncover exactly what kind of past relationships existed between Mr. Brown and *all opposing counsel*, and exactly what *private, confidential, and privileged information* about Mr. Clark's pending *USDC and Superior Court cases* was *immorally, unethically, and illegally disclosed and communicated* between Attorney Ridgely Whitmore Brown and attorneys Sean R. Higgins, Jeffrey M. Knickerbocker, and Patrick Tracey from Tuesday, May 3, 2022, to date, so that Mr. Clark can fully determine how much damage has been done by Mr. Brown's

31

*immoral, unethical, and illegal disclosure* to *opposing counsel*, and to properly assess how much damage has been done to Mr. Clark's pending federal and state lawsuits.

74.)    *Pro se* Plaintiff, Mr. Clark, has *repeatedly experienced first-hand* over the past more than four (4) years, *unfair, unjust, illegal, unlawful, unconstitutional, un-American, and immoral maltreatment*, that is, the *denial of his constitutionally protected due process of law rights* throughout this arduous judicial process; and therefore, Mr. Clark has *first-hand knowledge* that many, *if not most*, judicial officers, who are *supposed to be (speak and act)* public servants, *unashamedly display their disdain, unprofessionalism, incompetency, dishonesty, and even outright discrimination and hatred* for *pro se* litigants.

And if anyone doubts these facts, one only has to ask the *esteemed, distinguished, honorable, and honest* Judge Richard Posner of the *United States Court of Appeals for the Seventh (7th) Circuit* why he retired early, which *tragically and sadly* had to do with how the judiciary and his colleagues (public servants) *mistreated pro se litigants* (**Please see attached article: Exhibit J - *The Backstory Behind Judge Richard Posner's Retirement***).

75.)    Sovereign/qualified immunity and/or 11th Amendment claims (defenses) are bogus, *lawfully unsound*, and immoral, and one does not have to believe Mr. Clark, a *pro se* non-attorney, who has *yet* to be able to find an *honest, competent, and affordable* attorney to represent the Plaintiffs' interests.  One only has to read the *unequivocal, scathing, damning, and rebuking (as well as loving, since truth is love) dissent* from four (4) *United States Supreme Court* justices, including Justice Thurgood Marshall, in a 5-4 decision, in *Papasan v. Allain*, 478 U.S. 265, 276 (1986), which reads, in part, as follows:

> JUSTICE BRENNAN, with whom JUSTICE MARSHALL, JUSTICE BLACKMUN, and JUSTICE STEVENS join, concurring in part, concurring in the judgment in part, and dissenting in part.
>
> Although I join Parts I and III of the Court's opinion, and agree with the result in Part II-C, I do not join Parts II-A and II-B for the reasons stated in my dissent in *Atascadero State Hospital v. Scanlon,* 473 U. S. 234, 473 U. S. 258-302 (1985) (BRENNAN, J., dissenting).
>
> The Court makes a valiant effort to set forth the principles that determine whether a particular claim is or is not barred by the Eleventh Amendment. *See ante* at 478 U. S. 276-279. To my mind, the Court's restatement simply underscores the implausibility of the entire venture, for it clearly demonstrates that the Court's Eleventh Amendment jurisprudence consists of little more than a number of *ad hoc* and

unmanageable rules bearing little or no relation to one another or to any coherent framework; indeed, the Court's best efforts to impose order on the cases in this area has produced only the conclusion that "[f]or Eleventh Amendment purposes, the line between permitted and prohibited suits will often be indistinct," *ante* at 478 U. S. 278. This hodgepodge produces no positive benefits to society. Its only effect is to impair or prevent effective enforcement of federal law. It is highly unlikely that, having created a system in which federal law was to be supreme, the Framers of the Constitution or of the Eleventh Amendment nonetheless intended for that law to be unenforceable in the broad class of cases now barred by this Court's precedents. In fact, as I demonstrated last Term in *Atascadero,* the Framers intended no such thing.

The magnitude of the Court's mistake has only been increased by changes that have taken place in our law and our society since *Hans v. Louisiana,* 134 U. S. 1 (1890), took the first step down this ill-advised path, for the National Government and federal law play a much more important role in protecting the rights of individuals today. Only *stare decisis* can support the Court's continued adherence to this unfortunate doctrine. *Stare decisis* is indeed a force to be reckoned with -- although the Court has not felt itself particularly constrained by *stare decisis* in *expanding* the protective mantle of sovereign immunity, *see Pennhurst State School & Hospital v. Halderman,* 465 U. S. 89, 465 U. S. 165-166, n. 50 (1984) (STEVENS, J., dissenting); *Atascadero State Hospital v. Scanlon, supra,* at 473 U. S. 304 (STEVENS, J., dissenting). However, as Chief Justice Taney observed, the authority of the Court's construction of the Constitution ultimately "depend[s] altogether on the force of the reasoning by which it is supported." *Passenger Cases,* 7 How. 283, 48 U. S. 470 (1849) (dissenting opinion). The Court's Eleventh Amendment jurisprudence is not supported by history or by sound legal reasoning; it is simply bad law. In matters of such great institutional importance as this, *stare decisis* must yield.

JUSTICE BLACKMUN, concurring in part and dissenting in part.

The Court today holds that petitioners' breach of trust claims are barred by the Eleventh Amendment. I cannot agree. Petitioners claim that Mississippi breached legal obligations placed on it by federal law. I agree with JUSTICE BRENNAN that the Eleventh Amendment was never intended to bar such suits. *Ante* at 478 U. S. 292-293 (BRENNAN, J., concurring in part, concurring in judgment in part, and dissenting in part). But even if the Eleventh Amendment normally would bar suits against a State by its citizens, I believe that, when a State willingly accepts a substantial benefit from the Federal Government, it waives its immunity under the Eleventh Amendment and consents to suit by the intended beneficiaries of that federal assistance. *See, e g., Green v. Mansour,* 474

33

U. S. 64, 474 U. S. 81 (1985) (BLACKMUN J. . dissenting); *Atascadero State Hospital v. Scanlon,* 473 U. S. 234, 473 U. S. 304 (1985) (BLACKMUN, J., dissenting); *Edelman v. Jordan,* 415 U. S. 651, 415 U. S. 688-696 (1974) (MARSHALL, J., dissenting).

***Papasan v. Allain*, 478 U.S. 265, 276 (1986)**.

76.)  In addition, Jay R. Schweikert (Mr. Schweikert) of the *Cato Institute* published a policy analysis entitled, ***Qualified Immunity: A Legal, Practical, and Moral Failure***, where he begins his 28-page analysis by stating the following:

> "*Accountability is an absolute necessity for meaningful criminal justice reform, and any attempt to provide greater accountability must confront the **doctrine of qualified immunity**. This judicial doctrine, **invented by the Supreme Court in the 1960s**, protects state and local officials from liability, even when they act unlawfully, so long as their actions do not violate "clearly established law." In practice, this legal standard is a huge hurdle for civil rights plaintiffs because it generally requires them to identify not just a clear legal rule but a prior case with functionally identical facts.*
>
> ***Qualified immunity is one of the most obviously unjustified legal doctrines in our nation's history***. *Although it is nominally an interpretation of our primary federal civil rights statute, **that statute says nothing about any immunities, qualified or otherwise**. And the common-law background against which it was passed also **contained nothing** like the across-the-board immunity for public officials that characterizes the doctrine today. Qualified immunity has also been disastrous as a matter of policy. Victims of egregious misconduct are often left without any legal remedy simply because there does not happen to be a prior case on the books involving the exact same sort of misconduct. By **undermining public accountability at a structural level**, the doctrine also hurts the law enforcement community by denying police the degree of public trust and confidence they need to do their jobs safely and effectively.*
>
> *The most straightforward and sensible solution to this problem is **complete abolition of qualified immunity***."

Furthermore, even *extremely* conservative/libertarian attorney/scholar, Jay Schweikert, in his September 14, 2020, *Cato Institute Policy Analysis* paper, entitled ***Qualified Immunity: A Legal, Practical, and Moral Failure***, concluded the following:

"*Qualified immunity is a legally baseless judicial invention. It has proven unworkable as a matter of judicial doctrine, it routinely denies justice to the victims of egregious misconduct, and it undermines public accountability across the board, especially for members of law enforcement. Whether through judicial reconsideration or legislative action, the time has come to abolish qualified immunity*."

**Please see attached: Exhibit K – Page 21**.

"Jay Schweikert is a research fellow with the *Cato Institute's Project on Criminal Justice*.  His research and advocacy focus on accountability for prosecutors and law enforcement, plea bargaining, Sixth Amendment trial rights, and the provision and structuring of indigent defense.

Before joining Cato, Schweikert spent four years doing civil and criminal litigation at *Williams & Connolly LLP*.  He holds a *JD from Harvard Law School*, where he was an articles editor for the *Harvard Law Review* and chaired the *Harvard Federalist Society's* student colloquium program.  Following law school, Schweikert clerked for Judge Diane Sykes of the *U.S. Court of Appeals for the Seventh Circuit* and Judge Laurence Silberman of the *U.S. Court of Appeals for the DC Circuit*.

He holds a BA in political science and economics from Yale University."

77.)    American citizens are supposed to have a government (government officers and judiciary) *of The People, by The People, and for The People*.  Yet, instead, American citizens have a government (government officers and judiciary) *of the politicians, attorneys, judges, law enforcement, and their wealthy benefactors; by the politicians, attorneys, judges, law enforcement, and their wealthy benefactors; and for the politicians, attorneys, judges, law enforcement, and their wealthy benefactors*, which can be *fairly described* as an *immoral, unconstitutional, unlawful, and private club (racket)*, of, by, and for *politicians, attorneys, judges, law enforcement, and their wealthy benefactors* (**e.g. Trump, Thomas, Alito, Harlan Crow, Giuliani, John Eastman, Kenneth Chesboro, Sidney Powell, Jenna Ellis, etc.**).

*Tragically*, dishonest, and cowardly politicians, and milquetoast journalists, creates an *unaccountable judiciary* where *far too many wrongfully believe* that they collectively have *sovereign/qualified immunity* (which is unconstitutional, as well as immoral) and are *above the law*, all while *simultaneously and dishonestly* claiming that "*No one is above the law*," that is, except them (*politicians, attorneys, judges, law enforcement, and their wealthy benefactors*).  Which reminds the Plaintiffs of a notable and *doublespeak* (gaslighting) quote from

35

George Orwell's *Animal Farm* that, "***All animals are equal, but some animals are more equal than others***."

And, once again, if anyone doubts these facts, one only has to read one or more of the following books, written by *honest and courageous legal experts*, and an accomplished journalist.

> ***Untouchable: How Powerful People Get Away with It*** (by Elie Honig)
>
> ***Shielded: How the Police Became Untouchable*** (by Joanna Schwartz)
>
> ***Big Dirty Money: The Shocking Injustice and Unseen Cost of White Collar Crime*** (by Jennifer Taub)
>
> ***Servants of the Damned: Giant Law Firms, Donald Trump, and the Corruption of Justice*** (by David Enrich)

78.) In closing, Mr. Clark is *well aware* of the disdain that *nearly all* of the legal industry has for *pro se* litigants. However, Mr. Clark is *pro se*, not out of choice, but out of necessity, and despite Mr. Clark's ongoing efforts to find an *honest, competent, and affordable litigator*, he has *yet* to find one. Nonetheless, Mr. Clark, out of *honor and loving memory* of his ***most beautiful, beloved, precious, and faithful*** wife has every intention to fully litigate this matter, *if necessary*, until a fair and reasonable level of justice is obtained *for her*, *for us*, *no matter how long it takes nor the costs*, with or without an attorney.

79.) Lastly, *for what it is worth*, and if this is the last document that I, Mr. Clark, enter into the public domain/record, I, Mr. Clark, want it to include the following statement in *loving memory and honor* of the *strongest, wisest (with only a high school education), and most beautiful and faithful woman* that Mr. Clark has *ever* known. Who had *more character in her pinkie*, than most have in their entire body, and *thankfully* was, is, and will *always* be Mr. Clark's *beloved and precious* wife, Lilli.

Lilli was born in 1927, from a different generation than me (Mr. Clark), and shortly before the *Great Depression*, who was malnourished in her youth due to said *Depression* and had a *very hard life* until we met in 1991, *only by His Loving Grace and Mercy*. *Tragically*, Lilli lost her *beloved* birth mother at the age of 18 months, lost her *beloved first stepmother* at the age of 4, and her *second stepmother* abused her and her twin sister for approximately 7 years, that is, until Lilli's *beloved* Papa found out, and *immediately* placed his *beloved* daughters with family members for safety, until he was able to divorce his deceptive and monstrous wife. Lilli had three (3) children in her *first marriage* with a man who

36

turned out to be *literally* the town drunk after returning from WWII, and she was forced to divorce her *first husband* to protect her children and herself from grave harm. She never received a dime of child support nor applied for state assistance during this time, yet she worked three (3) jobs, rented rooms in her *humble* home to strangers, and bred poodles to provide for her children, and to keep her *beloved* home; and if that were not enough, Lilli with **love and forgiveness** in her small *frame but* **enormous heart**, and *incomprehensibly to most*, also paid for her former drunken husband's rent, as well as regularly cleaned his feces-stained sheets, and cared for him, until he *fully and completely repented* from being the town drunk, and up until the day he died. Therefore, it is **not an overstatement in the least** to claim that the *nearly 93 years of evidence* of Lilli's *precious life* proves *beyond any reasonable doubt* that she was a *saint on this earth*, although she was *far too quiet and humble* to **ever** think that about herself.

80.)     Finally, just so that this Court can put a **face to the name**, and *also* so that this Court can know who Mr. Clark is *zealously defending*, namely, Mr. Clark's *beloved and precious* wife of 27 years, Lilli-Bella. Please see the attached pictures (**Please see attached: Exhibit A**) of the *most beautiful woman in the world* to Mr. Clark, and *always* will be, *both inside and outside*, who was/is the *most loving, kind, honest, honorable, humble, wise, courageous, and faithful* woman of *character* that Mr. Clark has *ever* known, and *far stronger* than Mr. Clark will **ever** be.

May she … rest in peace … *forever* …

WHEREFORE, said *above and below* named Defendants are responsible for multiple violations of the Plaintiffs' federal and state constitutional and civil rights, and the *repeatedly inflicted, incomprehensible, egregious, reprehensible, and illegal acts of negligence, incompetence, and indifference*; and **worst of all**, *by some Defendants*, the **complete disrespect, maltreatment, and reprehensible behavior** towards Lillian J. Clark, who was *nearly a lifelong resident* of Enfield, Connecticut, and who paid property taxes for more than 65 years, the Plaintiffs make the following sixteen (16) claims.

<u>**COUNT ONE (1)**</u>
<u>**VIOLATIONS OF THE 5TH AND 14TH AMENDMENTS**</u>
<u>**DEPRIVATION OF CONSTITUTIONAL & CIVIL RIGHTS, AND**</u>
<u>**DUE PROCESS OF LAW**</u>
***Violation of Due Process Clause (Denial of Inviolate Right to a Jury Trial) of the Fifth (5th) and Fourteenth (14th) Amendments to the U.S. Constitution; 42 U.S.C. § 1983; and Connecticut Constitution, Article IV, §19 (This Count applies to all Defendants)***

1.) Plaintiffs restate the above *Memorandum of Law* and *Statement of Facts*.

2.) Said named Defendants have a *moral and lawful duty* to not violate the **5ᵗʰ and 14ᵗʰ Amendments** to the *United States Constitution*, nor **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*) (**Please see: Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)**), nor the *Constitution of the State of Connecticut*, **Article IV, §19**.

3.) Said named Defendants *breached their moral and lawful duty* to not violate the **5ᵗʰ and 14ᵗʰ Amendments** to the *United States Constitution*, nor **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*) (**Please see: Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)**), nor the *Constitution of the State of Connecticut*, **Article IV, §19**, by denying the Plaintiffs federal and state constitutional and *inviolate* *due process of law* rights to a jury trial, as *repeatedly* demanded.

4.) In the manner described in this Complaint, Defendants denied the Plaintiffs' federal and state constitutional and *inviolate* *due process of law* right to a jury trial, as *repeatedly* demanded.

5.) Defendants' conduct was motivated by *pro se* litigant animus and constituted purposeful discrimination, and it also severely injured the Plaintiffs.

6.) The misconduct described in this Count and Complaint was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

7.) As a direct and proximate result of the conduct referenced above, the Plaintiffs were deprived of their federal and state constitutional and *inviolate* *due process of law* rights to a jury trial, and suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

8.) Plaintiffs' irreparable damage and injuries were caused by the actions and decisions of said Defendants, acting in their official, judicial, and/or policymaking capacities, *under the color of law*.

9.) The misconduct described in this Count and Complaint were undertaken pursuant to the policies and practices of the *State Defendants*.

10.)    The misconduct described in this Count and Complaint shocks the conscience and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

11.)    As a direct and proximate result of the conduct referenced above and throughout this Complaint, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

12.)    As a *direct and proximate cause* by the named Defendants in Count One (1), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count One (1), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

## COUNT TWO (2)
## VIOLATIONS OF THE 5TH AND 14TH AMENDMENTS
## DEPRIVATION OF CONSTITUTIONAL & CIVIL RIGHTS, AND
## DUE PROCESS OF LAW
### *Violation of Due Process Clause (Denial of Impartial Trial) of the Fifth (5th) and Fourteenth (14th) Amendments to the U.S. Constitution; 42 U.S.C. § 1983; and Connecticut Constitution, Article IV, §19)*
### *(This Count applies to all Defendants)*

1.) Plaintiffs restate the above *Memorandum of Law*, *Statement of Facts*, and all allegations in Count 1.

2.) Said named Defendants have a *moral and lawful duty* to not violate the **5th and 14th Amendments** to the *United States Constitution*, nor **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*) (**Please see: Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)**), nor the *Constitution of the State of Connecticut*, **Article IV, §19**.

3.) Said named Defendants *breached their moral and lawful duty* to not violate the **5th and 14th Amendments** to the *United States Constitution*, nor **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*) (**Please see: Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)**), nor the *Constitution of the State of Connecticut*, **Article IV, §19**, by denying the Plaintiffs federal and state constitutional and *due process of law* rights to an impartial trial.

39

4.) In the manner described in this Complaint, Defendants denied the Plaintiffs' federal and state constitutional and *due process of law* right to an impartial trial.

5.) Defendants' conduct was motivated by *pro se* litigant animus and constituted purposeful discrimination, and it also severely injured the Plaintiffs.

6.) The misconduct described in this Count and Complaint was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

7.) As a direct and proximate result of the conduct referenced above, the Plaintiffs were deprived of their federal and state constitutional *due process of law* rights to an impartial trial, and suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

8.) Plaintiffs' irreparable damage and injuries were caused by the actions and decisions of said Defendants, acting in their official, judicial, and/or policymaking capacities, ***under the color of law***.

9.) The misconduct described in this Count and Complaint were undertaken pursuant to the policies and practices of the *State Defendants*.

10.) The misconduct described in this Count and Complaint shocks the conscience and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

11.) As a direct and proximate result of the conduct referenced above and throughout this Complaint, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

12.) As a *direct and proximate cause* by the named Defendants in Count Two (2), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Two (2), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

<u>**COUNT THREE (3)**</u>
<u>**VIOLATIONS OF THE 5TH AND 14TH AMENDMENTS**</u>
<u>**DEPRIVATION OF CONSTITUTIONAL & CIVIL RIGHTS, AND**</u>
<u>**DUE PROCESS OF LAW**</u>
*Violation of Due Process Clause (Denial of Property Rights) of the Fifth (5th) and*
*Fourteenth (14th) Amendments to the U.S. Constitution; 42 U.S.C. § 1983; and*
*Connecticut Constitution, Article IV, §19*
*(This Count applies to all Defendants)*

1.) Plaintiffs restate the above *Memorandum of Law*, *Statement of Facts*, and all allegations in Count 1 and Count 2.

2.) Said named Defendants have a *moral and lawful duty* to not violate the **5th and 14th Amendments** to the *United States Constitution*, nor **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*) (**Please see: Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)**), nor the *Constitution of the State of Connecticut*, **Article IV, §19**.

3.) Said named Defendants *breached their moral and lawful duty* to not violate the **5th and 14th Amendments** to the *United States Constitution*, nor **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*) (**Please see: Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)**), nor the *Constitution of the State of Connecticut*, **Article IV, §19**, by denying the Plaintiffs federal and state constitutional and *due process of law* rights to exercise his property rights.

4.) In the manner described in this Complaint, Defendants denied the Plaintiffs' federal and state constitutional and *due process of law* rights to exercise his property rights.

5.) Defendants' conduct was motivated by *pro se* litigant animus and constituted purposeful discrimination, and it also severely injured the Plaintiffs.

6.) The misconduct described in this Count and Complaint was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

7.) As a direct and proximate result of the conduct referenced above, the Plaintiffs were deprived of their federal and state constitutional *due process of law* rights to exercise his property rights, and suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

41

8.) Plaintiffs' irreparable damage and injuries were caused by the actions and decisions of said Defendants, acting in their official, judicial, and/or policymaking capacities, *under the color of law*.

9.) The misconduct described in this Count and Complaint were undertaken pursuant to the policies and practices of the *State Defendants*.

10.) The misconduct described in this Count and Complaint shocks the conscience and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

11.) As a direct and proximate result of the conduct referenced above and throughout this Complaint, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

12.) As a *direct and proximate cause* by the named Defendants in Count Three (3), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Three (3), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

## COUNT FOUR (4)
## VIOLATION OF THE 14TH AMENDMENT
## DEPRIVATION OF CONSTITUTIONAL & CIVIL RIGHTS, AND
## EQUAL PROTECTION UNDER THE LAW
*Violation of Equal Protection Clause (Disparate Pro Se Treatment) of the Fourteenth (14th) Amendment to the U.S. Constitution; 42 U.S.C. § 1983; and Connecticut Constitution, Article XXI*
*(This Count applies to all Defendants)*

1.) Plaintiffs restate the above *Memorandum of Law*, *Statement of Facts*, and all allegations in Count 1 through Count 3.

2.) Said named Defendants have a *moral and lawful duty* to not violate the **14th Amendment** to the *United States Constitution*, nor **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*) (**Please see: Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)**), nor the *Constitution of the State of Connecticut, **Article XXI***.

42

3.) Said named Defendants *breached their moral and lawful duty* to not violate the **14th Amendment** to the *United States Constitution*, nor **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*) (**Please see: Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)**), nor the *Constitution of the State of Connecticut*, *Article XXI*, by denying the Plaintiffs federal and state constitutional and *equal protection under the law* rights, due to his unrepresented *pro se* litigant status.

4.) In the manner described in this Complaint, Defendants denied the Plaintiffs' federal and state constitutional and *equal protection under the law* rights, due to his unrepresented *pro se* litigant status.

5.) Defendants' conduct was motivated by *pro se* litigant animus and constituted purposeful discrimination, and it also severely injured the Plaintiffs.

6.) The misconduct described in this Count and Complaint was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

7.) As a direct and proximate result of the conduct referenced above, the Plaintiffs were deprived of their federal and state constitutional and *equal protection under the law* rights, due to his unrepresented *pro se* litigant status, and suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

8.) Plaintiffs' irreparable damage and injuries were caused by the actions and decisions of said Defendants, acting in their official, judicial, and/or policymaking capacities, ***under the color of law***.

9.) The misconduct described in this Count and Complaint were undertaken pursuant to the policies and practices of the *State Defendants*.

10.) The misconduct described in this Count and Complaint shocks the conscience and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

11.) As a direct and proximate result of the conduct referenced above and throughout this Complaint, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

12.)   As a *direct and proximate cause* by the named Defendants in Count Four (4), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Four (4), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

**COUNT FIVE (5)**
**VIOLATION OF THE 14TH AMENDMENT**
**DEPRIVATION OF CONSTITUTIONAL & CIVIL RIGHTS, AND**
**EQUAL PROTECTION UNDER THE LAW**
*Violation of Equal Protection Clause (Conspiracy to Interfere with Civil Rights) of the*
*Fourteenth (14th) Amendment to the U.S. Constitution; 42 U.S.C. § 1985; and*
*Connecticut Constitution, Article XXI*
*(This Count applies to all Defendants)*

1.) Plaintiffs restate the above *Memorandum of Law*, *Statement of Facts*, and all allegations in Count 1 through Count 4.

2.) Said named Defendants have a *moral and lawful duty* to not violate **42 U.S.C. § 1985 (3)** (*Conspiracy to Interfere with Civil Rights*), which reads as follows:

> **(3) DEPRIVING PERSONS OF RIGHTS OR PRIVILEGES**
>
> If two or more persons in any State or Territory conspire …, for the purpose of depriving, either directly or indirectly, any person or class of persons of ***the equal protection of the laws***, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory ***the equal protection of the laws***; … in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

3.) Said named Defendants *breached their moral and lawful duty* to not violate **42 U.S.C. § 1985 (3)** (*Conspiracy to Interfere with Civil Rights*).

44

4.) Defendants' conduct was motivated by *pro se* litigant animus and constituted purposeful discrimination, and it also severely injured the Plaintiffs.

5.) The misconduct described in this Count and Complaint was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

6.) As a direct and proximate result of the conduct referenced above, the Plaintiffs were deprived of their federal and state constitutional and *equal protection under the law* rights, and suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

7.) Plaintiffs' irreparable damage and injuries were caused by the actions and decisions of said Defendants, acting in their official, judicial, and/or policymaking capacities, ***under the color of law***.

8.) The misconduct described in this Count and Complaint were undertaken pursuant to the policies and practices of the *State Defendants*.

9.) The misconduct described in this Count and Complaint shocks the conscience and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

10.) As a direct and proximate result of the conduct referenced above and throughout this Complaint, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

11.) As a *direct and proximate cause* by the named Defendants in Count Five (5), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Five (5), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

### COUNT SIX (6)
### VIOLATION OF THE 14TH AMENDMENT
### DEPRIVATION OF CONSTITUTIONAL & CIVIL RIGHTS, AND
### EQUAL PROTECTION UNDER THE LAW
### STATE LIABILITY / MONELL POLICY CLAIM

*Violation of the Fourteenth (14th) Amendment to the U.S. Constitution; 42 U.S.C. § 1983; and Connecticut Constitution, Article XXI*
*(This Count applies to all State Defendants)*

1.) Plaintiffs restate the above *Memorandum of Law*, *Statement of Facts*, and all allegations in Count 1 through Count 5.

2.) Said named Defendants have a *moral and lawful duty* to not violate **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*).

3.) Said named Defendants *breached their moral and lawful duty* to not violate **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*).

4.) As described more fully herein, the *State Defendants* are themselves liable for the violation of the Plaintiffs' constitutional and civil rights.

5.) Plaintiff's injuries were caused by the policies, practices, and customs of the *State Defendants*, as well as by the actions of policy-making officials for said *State Defendants*.

6.) At all times relevant to the events described above and for a period of time prior and subsequent thereto, the *State Defendants* failed to promulgate proper or adequate rules, regulations, policies, and procedures to ensure the protection of equal protection, and other constitutional and civil rights of Connecticut citizens; and to ensure decision-making free of discrimination as related to the monitoring and supervision of its employees and officers. In addition, or alternatively, the *State Defendants* failed to promulgate proper and adequate rules, regulations, policies, and procedures for the training and supervision of their officers and agents, with respect to the claims contained in this Complaint.

7.) These failures to promulgate proper or adequate rules, regulations, policies, and procedures were committed by officers and agents of the *State Defendants*.

46

8.) These practices, individually and/or together, were allowed to flourish because the leaders, supervisors, and policymakers of the *State Defendants* either directly encouraged or failed to stop the very type of misconduct at issue, ***under the color of law***.

9.) The above practices and customs, constitute de facto policies of the *State Defendants* were able to exist, individually and/or together, because policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

10.) In addition, the misconduct described in this Count and Complaint was undertaken pursuant to the policies and practices of the *State Defendants*, in that the constitutional and civil rights violations committed against the Plaintiffs were committed with the knowledge or approval of persons with final policymaking authority for the *State Defendants* or were committed by persons with such final policymaking authority.

11.) Plaintiffs' injuries were directly and proximately caused by officers, agents, and employees of the *State Defendants*, who acted pursuant to one or more of the policies, practices, and customs set forth above in engaging in the misconduct described in this Count and Complaint.

12.) As a direct and proximate result of the conduct referenced above and throughout this Complaint, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

13.) As a *direct and proximate cause* by the named Defendants in Count Six (6), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Six (6), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

### COUNT SEVEN (7)
### VIOLATION OF THE 14TH AMENDMENT
### DEPRIVATION OF CONSTITUTIONAL & CIVIL RIGHTS, AND
### EQUAL PROTECTION UNDER THE LAW
*Violation of Equal Protection Clause (Action for Neglect to Prevent - Failure to Intervene) of the Fourteenth (14th) Amendment to the U.S. Constitution; 42 U.S.C. § 1986; and Connecticut Constitution, Article XXI*

47

*(This Count applies to all Defendants)*

1.) Plaintiffs restate the above *Memorandum of Law*, *Statement of Facts*, and all allegations in Count 1 through Count 6.

2.) Said named Defendants have a *moral and lawful duty* to not violate **42 U.S.C. § 1986** (*Action for Neglect to Prevent - Failure to Intervene*).

3.) Said named Defendants *breached their moral and lawful duty* to not violate **42 U.S.C. § 1986** (*Action for Neglect to Prevent - Failure to Intervene*).

4.) In the manner described in this Count and Complaint, Defendants denied the Plaintiffs equal protection of the law in violation of the Fourteenth Amendment of the United States Constitution.

5.) Defendants' conduct was motivated by *pro se* litigant animus and constituted purposeful discrimination, and it also severely injured the Plaintiffs.

6.) The misconduct described in this Count and Complaint was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

7.) As a direct and proximate result of the conduct referenced above, the Plaintiffs were deprived of their federal and state constitutional and *equal protection under the law* rights, and suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

8.) Plaintiffs' irreparable damage and injuries were caused by the actions and decisions of said Defendants, acting in their official, judicial, and/or policymaking capacities, ***under the color of law***.

9.) The misconduct described in this Count and Complaint were undertaken pursuant to the policies and practices of the *State Defendants*.

10.)    In the manner described in this Complaint, Defendants had knowledge that wrongs were being committed.

11.) Each of the Defendants had the power to prevent or aid in preventing the commission of those wrongs.

12.) Defendants neglected to prevent or aid in preventing these wrongful acts where the wrongful acts were committed and could have been prevented by reasonable diligence.

13.) As a direct and proximate result of the conduct referenced above, the Plaintiffs' constitutional and civil rights were violated, and the Plaintiffs suffered severe injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

14.) As a further consequence of these deprivations and wrongdoings, Plaintiffs have been forced to expend countless hours of limit time and resources to litigate their claims in court proceedings and incurred many expenses and costs, including, material, immaterial (mental, emotional, and spiritual), and opportunity costs associated with these proceedings and prosecuting this case.

15.) As a direct and proximate result of the conduct referenced above, the Plaintiffs were deprived of equal protection of the laws, and suffered severe injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

16.) Plaintiffs' injuries were caused by the actions and decisions of said Defendants, acting in their official, and policymaking capacities, and their colleagues' failure to intervene.

17.) The misconduct described in this Count and Complaint shocks the conscience and was undertaken intentionally, with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

18.) As a direct and proximate result of the conduct referenced above and throughout this Complaint, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

19.) As a *direct and proximate cause* by the named Defendants in Count Seven (7), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Seven (7), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

## COUNT EIGHT (8)
### NEGLIGENCE
### *(This Count applies to all Defendants)*

1.) Plaintiffs restate the above *Memorandum of Law*, *Statement of Facts*, and all allegations in Count 1 through Count 7.

2.) Said named Defendants have a *moral and lawful duty* to act with *reasonable care* towards their fellow man/woman.

3.) Said named Defendants *breached their moral and lawful duty* to act with *reasonable care* towards their fellow man/woman.

4.) Pursuant to **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*), public employees are liable for injuries caused by their acts or omissions to the same extent as a private person.

5.) Pursuant to **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*), the Defendants are liable for their negligent, wrongful conduct, and resultant irreparable damage and injuries proximately caused by acts or omissions within the scope of their official duties.

6.) As a direct and proximate result of the Defendants' conduct, the Plaintiffs have suffered (and continues to suffer) irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

7.) In committing the acts alleged herein, said Defendants ***negligently*** violated the Plaintiffs' constitutional and civil rights, under **42 U.S.C. § 1983** (*Civil Action for Deprivation of Rights*), entitling the Plaintiffs to punitive or exemplary damages in an amount appropriate to punish the Defendants and to make an example of them to the community.

8.) Said named Defendants have a *moral and lawful duty* to not violate the aforementioned *constitutional and civil rights* of the Plaintiffs.

9.) Said named Defendants *breached their moral and lawful duty* to not violate the aforementioned *constitutional and civil rights* of the Plaintiffs.

10.) Defendants had a duty to the Plaintiffs to act with ordinary care and prudence so as not to cause negligent harm or injury to the Plaintiffs.

11.) By engaging in the negligent manner described in this Count and Complaint, Defendants failed to act with ordinary care and breached their duty of care owed to the Plaintiffs.

12.) As a direct and proximate result of the conduct referenced above, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

13.) As a *direct and proximate cause* by the named Defendants in Count Eight (8), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Eight (8), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

<u>**COUNT NINE (9)**</u>
<u>**INTENTIONAL INFLICTION OF PHYSICAL, MENTAL, AND EMOTIONAL**</u>
<u>**DISTRESS, PAIN, AND SUFFERING**</u>
***(This Count applies to all Defendants, EXCEPT Defendants Governor Ned Lamont, Attorney General William Tong, and Commissioner Michelle Seagull)***

1.) Plaintiffs restate the above *Memorandum of Law*, *Statement of Facts*, and all allegations in Count 1 through Count 8.

2.) Said named Defendants have a *moral and lawful duty* to not ***grossly, intentionally, negligently, incompetently, reprehensibly, illegally, and repeatedly inflict physical, mental, and emotional distress, pain, and suffering*** on another fellow man/woman.

51

3.) Said named Defendants *breached their moral and lawful duty* to not ***grossly, intentionally, negligently, incompetently, reprehensibly, illegally, and repeatedly inflict physical, mental, and emotional distress, pain, and suffering*** on another fellow man/woman.

4.) In the manner described in this Count and Complaint, Defendants engaged in extreme and outrageous conduct.

5.) Defendants' actions set forth above were rooted in an abuse of power or authority.

6.) Defendants' actions set forth above were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe physical, mental, and emotional distress, pain, and suffering, and with reckless disregard of that probability.

7.) Defendants' actions set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of others.

8.) Defendants' conduct intentionally or recklessly caused severe physical, mental, and emotional distress, pain, and suffering to another.

9.) As a direct and proximate result of the conduct referenced above and throughout this Complaint, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

10.)    As a *direct and proximate cause* by the named Defendants in Count Nine (9), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Nine (9), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

### COUNT TEN (10)
### NEGLIGENT INFLICTION OF PHYSICAL, MENTAL, AND EMOTIONAL DISTRESS, PAIN, AND SUFFERING
*(This Count applies to all Defendants, EXCEPT Defendants Governor Ned Lamont, Attorney General William Tong, and Commissioner Michelle Seagull)*

52

1.) Plaintiffs restate the above *Memorandum of Law, Statement of Facts*, and all allegations in Count 1 through Count 9.

2.) Said named Defendants have a *moral and lawful duty* to not **grossly, intentionally, negligently, incompetently, reprehensibly, illegally, and repeatedly inflict physical, mental, and emotional distress, pain, and suffering** on another fellow man/woman.

3.) Said named Defendants *breached their moral and lawful duty* to not **grossly, intentionally, negligently, incompetently, reprehensibly, illegally, and repeatedly inflict physical, mental, and emotional distress, pain, and suffering** on another fellow man/woman.

4.) In the manner described in this Count and Complaint, Defendants were negligent.

5.) Plaintiffs were and still are impacted by the incidents related to Defendants' negligence.

6.) Plaintiff suffered serious physical, mental, and emotional distress, pain, and suffering of the type that a reasonable person would expect to occur.

7.) As a direct and proximate result of the conduct referenced above, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

8.) As a *direct and proximate cause* by the named Defendants in Count Ten (10), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Ten (10), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

## COUNT ELEVEN (11)
## ASSUMPTION OF DUTY
*(This Count applies to all Defendants)*

1.) Plaintiffs restate the above *Memorandum of Law, Statement of Facts*, and all allegations in Count 1 through Count 10.

53

2.) Said named Defendants have a *moral and lawful duty* to keep their assumed duty.

3.) Said named Defendants *breached their moral and lawful duty* to keep their assumed duty.

4.) The Defendants assumed a duty/obligation/agreement when they were either *elected to office*, employed, and/or licensed by the *State of Connecticut*, and subsequently and publicly acknowledged their *oath of office*.

5.) As a direct and proximate result of the conduct referenced above and throughout this Complaint, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

6.) As a *direct and proximate cause* by the named Defendants in Count Eleven (11), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Eleven (11), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

## COUNT TWELVE (12)
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
*(This Count applies to all Defendants, EXCEPT Defendants Governor Ned Lamont, Attorney General William Tong, and Commissioner Michelle Seagull)*

1.) Plaintiffs restate the above *Memorandum of Law*, *Statement of Facts*, and all allegations in Count 1 through Count 11.

2.) Said named Defendants have a *moral and lawful duty* to not breach their *implied covenant of good faith and fair dealing*.

3.) Said named Defendants *breached their moral and lawful duty* to not breach their *implied covenant of good faith and fair dealing* by not following and adhering to their respective *oaths of office*.

4.) As a direct and proximate result of the conduct referenced above and throughout

54

this Complaint, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

5.) As a *direct and proximate cause* by the named Defendants in Count Twelve (12), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Twelve (12), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

**COUNT THIRTEEN (13):**
**VIOLATIONS OF THE**
**CONNECTICUT UNFAIR TRADE PRACTICES ACT (CUTPA)**
***(This Count applies to all Defendants, EXCEPT Defendants Governor Ned Lamont, Attorney General William Tong, and Commissioner Michelle Seagull)***

1.) Plaintiffs restate the above *Memorandum of Law*, *Statement of Facts*, and all allegations in Count 1 through Count 12.

2.) Said named Defendants have a *moral and lawful duty* to not violate the *Connecticut Unfair Trade Practices Act* (CUTPA) against the Plaintiffs.

3.) Said named Defendants *breached their moral and lawful duty* to not violate the *Connecticut Unfair Trade Practices Act* (CUTPA) against the Plaintiffs.

4.) The Plaintiffs, due to said Defendants' illegal actions, were and are being deprived of their ***rights to life, liberty, tranquility (peace in one's home), and the pursuit of happiness (also known as civil rights and property rights that Defendants have stolen and continue to infringe upon against the Plaintiffs).***

5.) As a direct and proximate result of the conduct referenced above and throughout this Complaint, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

6.) As a *direct and proximate cause* by the named Defendants in Count Thirteen (13), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Thirteen (13), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

## COUNT FOURTEEN (14):
## NEGLIGENT HIRING, SUPERVISION, AND TRAINING
### *(This Count applies to all Respondeat Superior Defendants)*

1.) Plaintiffs restate the above *Memorandum of Law*, *Statement of Facts*, and all allegations in Count 1 through Count 13.

2.) Said named Defendants have a *moral and lawful duty* to not violate the aforementioned *constitutional and civil rights* of the Plaintiffs.

3.) Said named Defendants *breached their moral and lawful duty* to not violate the aforementioned *constitutional and civil rights* of the Plaintiffs.

4.) The Plaintiffs suffered damages from foreseeable misconduct of employees and agents supervised by the *State Defendants*.

5.) The *State Defendants'* employees in supervisory roles had a duty to properly supervise their employees/officers and to oversee their treatment of the Plaintiffs.

6.) The *State Defendants* blatantly disregarded their supervisor responsibilities that resulted in the Plaintiffs to suffer irreparable damage and injuries. These said Defendants were therefore negligent in their non-discretionary duties to supervise individual employees/officers in their agencies.

7.) As a direct and proximate result of the negligent supervision described above, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

8.) As a *direct and proximate cause* by the named Defendants in Count Fourteen (14), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Fourteen (14), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

### COUNT FIFTEEN (15):
### RESPONDEAT SUPERIOR
### *(This Count applies to all Respondeat Superior Defendants)*

1.) Plaintiffs restate the above *Memorandum of Law*, *Statement of Facts*, and all allegations in Count 1 through Count 14.

2.) Said named Defendants have a *moral and lawful duty* to not violate the aforementioned *constitutional and civil rights* of the Plaintiffs.

3.) Said named Defendants *breached their moral and lawful duty* to not violate the aforementioned *constitutional and civil rights* of the Plaintiffs.

4.) In committing the acts alleged in the preceding paragraphs, the agents, members, or employees of the *State Defendants*, were acting at all relevant times within the scope of their employment and ***under the color of law***.

5.) Therefore, the *Respondeat Superior Defendants* are liable as principals for all torts committed by their agents.

6.) As a direct and proximate result of the conduct referenced above and throughout this Complaint, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

7.) As a *direct and proximate cause* by the named Defendants in Count Fifteen (15), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Fifteen (15), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

## COUNT SIXTEEN (16):
## INDEMNIFICATION
### *(This Count applies to all Respondeat Superior Defendants)*

1.) Plaintiffs restate the above *Memorandum of Law*, *Statement of Facts*, and all allegations in Count 1 through Count 15.

2.) Said named Defendants have a *moral and lawful duty* to not violate the aforementioned *constitutional and civil rights* of the Plaintiffs.

3.) Said named Defendants *breached their moral and lawful duty* to not violate the aforementioned *constitutional and civil rights* of the Plaintiffs.

4.) Connecticut law, that is, the *Connecticut General Statutes (C.G.S.) §52-557n*, requires public entities to pay any tort judgment for damages for which employees are liable within the scope of their employment activities.

5.) During all times relevant to this Complaint, all **Non-Respondeat** *Supervisor Defendants* were employees and/or officers of and/or licensed by the *State Defendants*, who acted within the scope of their employment in committing the acts described herein.

6.) As a direct and proximate result of the conduct referenced above and throughout this Complaint, the Plaintiffs suffered irreparable damage and injuries, including, but not limited to physical, mental, and emotional distress, pain, and suffering.

7.) As a *direct and proximate cause* by the named Defendants in Count Sixteen (16), the Plaintiffs suffered money damages in excess of $75,000.

WHEREFORE, the Plaintiffs move this Court for judgment of money damages against all named Defendants for Count Sixteen (16), together with such other and further relief as this Court may deem reasonable and just under the circumstances.

# REQUEST FOR RELIEF / DAMAGES

Plaintiffs request judgment as follows:

***First and foremost***, the declaration that the Defendants' denial of Plaintiffs *due process of law rights, including, but not limited to his **inviolate right to a jury trial**, and equal protection under the law* are violations of the *United States Constitution* and of the *Constitution of the State of Connecticut*.

Secondly, Plaintiffs demand a full, complete, and third-party independent investigation into the *State of Connecticut Judicial Branch's* unconstitutional and unlawful practice of denying *pro se* litigants of their federal and state constitutionally protected rights to *due process of law, **inviolate right to a jury trial**, and equal protection under the law*.

Thirdly, Plaintiffs demand *monetary damages* of **$1.1 billion** (*compensatory damages* of $100,000,000 (One hundred (100) million dollars), and *punitive damages* of $1,000,000,000 (One (1) billion dollars), as of November 20, 2023), and any other relief that this Court and/or jury deems to be *fair and just punishment*, that will also serve to discourage the Defendants from ever committing *similar misdeeds* in the future, as well as to encourage ***new statewide policies*** that will prevent such *egregious misdeeds* from ever happening again to any citizen of Connecticut and/or to any citizen throughout the *United States of America*; and for any and all such other relief as this Court deems just and proper.

Under 42 U.S.C. §§1983, 1985 and 1986, and supplemental state law claims, Plaintiffs are entitled to an award of *compensatory damages* against the Defendants. In the wrongful acts or omissions described in this Complaint, Defendants acted with fraud, oppression, and malice.

By reason of Defendants' acts or omissions described in this Complaint, Plaintiffs are entitled to recover *punitive and exemplary damages*.

Lastly, under 42 U.S.C. §1988, if Plaintiffs are the prevailing party in this litigation, then Plaintiffs will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses, and costs.

WHEREFORE, the Plaintiffs seek judgment under 42 U.S.C. §§1983, 1985, 1986, and 1988, and supplemental state law claims, against all Defendants for compensatory, punitive, and exemplary damages in a fair and reasonable amount, reasonable attorneys' fees, non-taxable expenses, costs, and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

**In conclusion, *and for what it is worth*, the Plaintiffs believe that the Defendants have two (2) choices before them, which are to either:**

1.) Continue to deny their responsibility for their ongoing *dishonest, unconstitutional, and illegal* behavior by defending themselves through bogus (11th Amendment) claims of sovereign and/or qualified immunity while *simultaneously* and falsely claiming (gaslighting) that *no one is above the law*, that is, except for them (the rich and represented state and non-state (corporate) actors); and thereby continue to *knowingly or unknowingly* condone and/or enable the destruction of our *beloved* yet *imperfect democracy* by ushering in demagogic and lawless authoritarians like Trump who undermine (corrupt) our judicial system (institutions) and make a mockery of the *rule of law*, as Israelis have *foolishly* done with Netanyahu, which has resulted in decades of civil war and destroyed their *beloved* country; or

2.) Stop gaslighting (lying) to the American public and admit that there are two (2) justice systems, which are in *desperate need of reformation* (and need to be merged into one justice (just) system for all), one (1) justice system for the rich and represented state and non-state (corporate) actors (who are essentially *above the law* and not held *fully* accountable for their blatant misdeeds, except in rare cases); and one (1) justice system for the poor and unrepresented (who are systemically and repeatedly abused by the judicial system (Please see: *The Innocence Project*), and/or just ask the growing number of Black men, Hispanics, and young people who are supporting a lawless insurrectionist and its lawless authoritarian party. Because apparently a growing number of our fellow citizens believe that what is good for the goose, that is, being *above the law*, is good for the gander, that is, *no rule of law*. And instead of said Defendants choosing that wide road to the destruction of our *beloved* yet *imperfect democracy*, they can further choose to begin the hard work of *responsibility, repentance, and reform* of our broken, unjust, and corrupt (lawless) judicial system, *especially* in the state courts (where approximately 90% of all cases begin and end), the SCOTUS, and in the *halls of political power* (both state and federal), and *hopefully* save our *beloved* yet *imperfect democracy* before it is too late, if it is not already too late.

Finally, it is the Plaintiff's sincere belief that it is our federal courts (sans SCOTUS) that is *presently* holding our fragile American judicial system from falling into the abyss of autocracy, as a growing number of other countries have, *but for how much longer if we continue to not hold powerful wrongdoers accountable*? Moreover, it is the Plaintiff's *sincere* hope and prayer to *The Creator of Heaven and Earth* that it will be the federal courts in Connecticut (*The Constitution State*) that will begin and lead the *long and arduous process of reforming* our courts nationwide, as the great *State of Connecticut* has led the nation in gun reform. And *hopefully*, before it is too late and we end up like Israel, that is, a country led by a lawless demagogic authoritarian who *tragically and foolishly* Israelis have reelected, along with its extreme right-wing party who have collectively destroyed their precious nation; and where Americans may soon also *tragically and foolishly* choose to do the same in 2024 with similar *catastrophic* results, which are, a *second civil war* (this time with AR-15s) and the destruction of our *beloved* yet *imperfect democracy*. That is, unless we collectively wake up, *grow up*, and *peacefully* stand up, *especially our judiciary and government leaders*, and begin to hold the rich and represented state and non-state (corporate) actors *fully responsible* (not a pass or a slap on the wrist) for their ongoing *unconstitutional, illegal, despicable, lawless, and treasonous* behavior, instead of the courts (*especially* state courts and the SCOTUS) continuing to condone and enable such

60

reprehensible behavior, due to our *collective* lack of character and moral courage, apathy, greed, pride, foolishness, partisanship, and lust for power.  As *Scripture* (*The Book of Judges*) and history has *repeatedly* taught us, that is, if we will listen and learn, that when the courts become corrupted, the nation will soon fall.

May *The Creator of Heaven and Earth* have *Mercy* on our *beloved* nation, our world, and on *all our souls.*

## JURY TRIAL DEMAND

Plaintiffs demand a *jury trial* in this matter.  Pursuant to *F.R.C.P. Rule 38*, Plaintiffs demand trial by jury in this action of all issues so triable.

Thank you for your time, consideration and understanding of this *urgent and critically important* legal matter.

Blessings *always* to you and yours.  Please continue to stay healthy and be safe.

Dated and signed at Enfield, Connecticut, on November 20, 2023, by *pro se* Plaintiff Gordon Clark, *in his individual, spousal, executor, beneficiary, and creditor capacities.*

Gordon Clark
(*Husband & Executor of the Estate of Lillian J. Clark*)
70 Elm Street, Enfield, CT 06082
860.833.3195

61

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that I am the Plaintiff in the above action, that I have read the above **COMPLAINT** and that the information contained in this *Complaint* is true and correct, so help me *Heavenly Father and Creator of Heaven and Earth.*

Dated and signed at Enfield, Connecticut, on November 20, 2023, by *pro se* Plaintiff Gordon Clark, *in his individual, spousal, executor, beneficiary, and creditor capacities.*

Gordon Clark
(*Husband & Executor of the Estate of Lillian J. Clark*)
70 Elm Street, Enfield, CT 06082
860.833.3195